# EXHIBIT A



**null / ALL**
**Transmittal Number: 26311517**
**Date Processed: 02/01/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Shannon Straley<br>SRS Distribution Inc.<br>7440 S. State Hwy. 121<br>Attn:  Legal Dept.<br>McKinney, TX 75070 |
| **Electronic copy provided to:** | Dustin Gunderson<br>Nathan White |

| | |
|---|---|
| **Entity:** | Builders Supply Logistics, Inc.<br>Entity ID Number  3991137 |
| **Entity Served:** | Builders Supply Logistics, Inc. |
| **Title of Action:** | Carlos Jimenez vs. Roofline, Inc. dba Roofline Supply & Delivery |
| **Matter Name/ID:** | Carlos Jimenez vs. Roofline, Inc. dba Roofline Supply & Delivery (13558694) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Sacramento County Superior Court, CA |
| **Case/Reference No:** | 34-2023-00333516 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/31/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Capstone Law APC<br>310-556-4811 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# SUMMONS
## *(CITACION JUDICIAL)*

FILED
Superior Court of California, Sacramento

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

07/25/2023

vbloxson

By _____, Deputy

Case Number:
34-2023-00333510

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY, an Oregon corporation; Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CARLOS JIMENEZ and JUAN PINZON, individually, and on behalf of other members of the general public similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento Superior Court

720 9th Street, Room 102, Sacramento, CA 95814

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Orlando Villalba, Capstone Law, APC, 1875 Century Park East, Suite 1000, Los Angeles, CA 90067 - (310) 556-4811

DATE: JAN 2 5 2023      Clerk, by   V. BLOXSON   , Deputy
*(Fecha)*              *(Secretario)*            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* BUILDERS SUPPLY LOGISTICS, INC., a Delaware corporation
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**


BY FAX

**SUM-200(A)**

| SHORT TITLE:<br>Jimenez, et al. vs. Roofline, Inc. dba Roofline Supply & Delivery, et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

    ☐ Plaintiff     ☒ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

SRS DISTRIBUTION INC., a Delaware corporation;
J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC., a California corporation;
BUILDERS SUPPLY LOGISTICS, INC., a Delaware corporation;
and DOES 1 through 10, inclusive,

Page  1  of  1 

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

FILED
Superior Court Of California,
Sacramento
01/23/2023
vbloxson
By_____, Deputy
Case Number:
34-2023-00333516

1  Orlando Villalba (SBN 232165)
   Orlando.Villalba@capstonelawyers.com
2  Helga Hakimi (SBN 257381)
   Helga.Hakimi@capstonelawyers.com
3  Roxanna Tabatabaeepour (SBN 260187)
   Roxanna.Taba@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:   (310) 556-4811
6  Facsimile:   (310) 943-0396

7  Attorneys for Plaintiffs Carlos Jimenez and Juan Pinzon

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF SACRAMENTO

11

12  CARLOS JIMENEZ and JUAN PINZON,         Case No.:
    individually, and on behalf of other
13  members of the general public similarly   **CLASS ACTION COMPLAINT**
    situated,
14                                            (1) Violation of California Labor Code §§ 510
                                                  and 1198 (Unpaid Overtime);
15               Plaintiffs,                  (2) Violation of California Labor Code
                                                  §§ 1182.12, 1194, 1197, 1197.1, and 1198
16          vs.                                   (Unpaid Minimum Wages);
                                              (3) Violation of California Labor Code
17  ROOFLINE, INC. dba ROOFLINE SUPPLY            §§ 226.7, 512(a), 516, and 1198 (Failure to
    & DELIVERY, an Oregon corporation; SRS        Provide Meal Periods);
18  DISTRIBUTION INC., a Delaware            (4) Violation of California Labor Code
    corporation; J. B. WHOLESALE ROOFING         §§ 226.7, 516, and 1198 (Failure to
19  AND BUILDING SUPPLIES, INC., a               Authorize and Permit Rest Periods);
    California corporation; BUILDERS SUPPLY  (5) Violation of Labor Code §§ 226.7, 516,
20  LOGISTICS, INC., a Delaware corporation;      and 1198 (Failure to Provide Recovery
    and DOES 1 through 10, inclusive,            Periods);
21                                            (6) Violation of California Labor Code
                                                  §§ 226(a), 1174(d), and 1198 (Non-
22                                                Compliant Wage Statements and Failure to
               Defendants.                        Maintain Payroll Records);
23                                            (7) Violation of California Labor Code §§ 201
                                                  and 202 (Wages Not Timely Paid Upon
24                                                Termination);
                                              (8) Violation of California Labor Code § 204
25                                                (Failure to Timely Pay Wages During
                                                  Employment);
26                                            (9) Violation of California Labor Code § 2802
                                                  (Unreimbursed Business Expenses);
27                                            (10)    Violation of California Business &
                                                  Professions Code §§ 17200, *et seq.*
28                                                (Unlawful Business Practices); and

BY FAX

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(11)   Violation of California Business &
Professions Code §§ 17200, *et seq.* (Unfair
Business Practices)

**Jury Trial Demanded**

1        Plaintiffs Carlos Jimenez and Juan Pinzon, individually and on behalf of all other

2   members of the public similarly situated, allege as follows:

3                              **JURISDICTION AND VENUE**

4        1.       This class action is brought pursuant to California Code of Civil Procedure

5   section 382.  The monetary damages, penalties, and restitution sought by Plaintiffs exceed the

6   minimal jurisdiction limits of the Superior Court and will be established according to proof at

7   trial.  This Court has jurisdiction over this action pursuant to the California Constitution,

8   Article VI, section 10.  The statutes under which this action is brought do not specify any

9   other basis for jurisdiction.  Plaintiffs' share of damages, penalties, and other relief sought in

10  this action does not exceed $75,000.

11       2.       This Court has jurisdiction over Defendants because Defendants are either

12  citizens of California, have sufficient minimum contacts in California, or otherwise

13  intentionally avail themselves of the California market so as to render the exercise of

14  jurisdiction over them by the California courts consistent with traditional notions of fair play

15  and substantial justice.

16       3.       Venue is proper in this Court, because Defendants employ persons within the

17  County of Sacramento, and have violated the requirements of the California Labor Code and

18  applicable Industrial Welfare Commission ("IWC") Wage Order in this county which give rise

19  to the penalties sought in this action.  Cal. Code Civ. P. § 393.  Specifically, Defendants have

20  violated the requirements of the California Labor Code and applicable IWC Wage Order in at

21  least one location within the County of Sacramento, including Defendants' facility in

22  Sacramento (4350 Pell Drive, Suite 100, Sacramento, California 95838).  Pursuant to

23  California Civil Code of Procedure section 393, venue is proper for the recovery of a penalty

24  or forfeiture imposed by statute in the county in which the cause, or some part of the cause,

25  arose.  Because Defendants have employees in Sacramento County and Plaintiffs could bring

26  this action to recover penalties in Sacramento County, venue is proper.

27                                    **THE PARTIES**

28       4.       Plaintiff Carlos Jimenez is a resident of San Bernardino, in San Bernardino

County, California.  Defendants employed Plaintiff Jimenez as an hourly paid, non-exempt employee from approximately February 2019 to April 2022.  Plaintiff Jimenez worked as a Driver at Defendants' location in Riverside, California.  During his employment, Plaintiff Jimenez typically worked nine (9) to ten (10) hours per day and five (5) days per week.  Plaintiff Jimenez's primary job duties included, without limitation, loading trucks with roofing materials, driving and delivering materials to residential and commercial sites, and unloading materials at customers' premises.

5.      Plaintiff Juan Pinzon is a resident of Bloomington, in San Bernardino County, California.  Defendants employed Plaintiff Pinzon as an hourly paid, non-exempt employee from approximately February 2022 to September 2022.  Plaintiff Pinzon worked as a Loader at Defendants' location in Riverside, California.  During his employment, Plaintiff Pinzon typically worked eight (8) to twelve (12) hours per day and five (5) days per week.  Plaintiff Pinzon's primary job duties included, without limitation, loading trucks with roofing materials, accompanying drivers to the customers' premises, and unloading roofing materials at customers' premises.

6.      ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY was and is, upon information and belief, an Oregon corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

7.      SRS DISTRIBUTION INC. was and is, upon information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

8.      J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC. was and is, upon information and belief, a California corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

9.      BUILDERS SUPPLY LOGISTICS, INC. was and is, upon information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

10. Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

11. Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10 were the partners, agents, owners, or managers of ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.; and BUILDERS SUPPLY LOGISTICS, INC. at all relevant times.

12. Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.; BUILDERS SUPPLY LOGISTICS, INC.; and/or DOES 1 through 10 (collectively, "Defendants" or "SRS"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

13. At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

14. Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

15. Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over the wages, hours, working conditions, and employment status of Plaintiffs and class members.

CLASS ACTION COMPLAINT

1   Each Defendant had the power to hire and fire Plaintiffs and class members, supervised and

2   controlled their work schedule and/or conditions of employment, determined their rate of pay,

3   and maintained their employment records.  Defendants suffered or permitted Plaintiffs and

4   class members to work and/or "engaged" Plaintiffs and class members so as to create a

5   common-law employment relationship.  As joint employers of Plaintiffs and class members,

6   Defendants are jointly and severally liable for the civil penalties and all other relief available

7   to Plaintiffs and class members under the law.

8           16.     Plaintiffs are informed and believe, and thereon allege, that at all relevant

9   times, Defendants, and each of them, have acted as joint employers with respect to Plaintiffs

10  and class members because Defendants have:

11                  (a)     jointly exercised meaningful control over the work performed by

12                          Plaintiffs and class members;

13                  (b)     jointly exercised meaningful control over Plaintiffs' and class members'

14                          wages, hours, and working conditions, including the quantity, quality

15                          standards, speed, scheduling, and operative details of the tasks

16                          performed by Plaintiffs and class members;

17                  (c)     jointly required that Plaintiffs and class members perform work which is

18                          an integral part of Defendants' businesses; and

19                  (d)     jointly exercised control over Plaintiffs and class members as a matter

20                          of economic reality in that Plaintiffs and class members were dependent

21                          on Defendants, who shared the power to set the wages of Plaintiffs and

22                          class members and determined their working conditions, and who

23                          jointly reaped the benefits from the underpayment of their wages and

24                          noncompliance with other statutory provisions governing their

25                          employment.

26          17.     Plaintiffs are informed and believe, and thereon allege, that at all relevant times

27  there has existed a unity of interest and ownership between Defendants such that any

28  individuality and separateness between the entities has ceased.

CLASS ACTION COMPLAINT

18.     ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.; BUILDERS SUPPLY LOGISTICS, INC.; and DOES 1 through 10 are therefore alter egos of each other.

19.     Adherence to the fiction of the separate existence of Defendants would permit an abuse of the corporate privilege, and would promote injustice by protecting Defendants from liability for the wrongful acts committed by them under the name SRS.

20.     Plaintiffs further allege, upon information and belief, that Defendants ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.; and BUILDERS SUPPLY LOGISTICS, INC. are alter egos of each other for the following reasons:

(a)     On the California Secretary of State's website (https://bizfileonline.sos.ca.gov), ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.; and BUILDERS SUPPLY LOGISTICS, INC. share the same principal and/or mailing address, "7440 S STATE HWY 121, MCKINNEY, TX 75070";

(b)     According to the most recent "Statement of Information" forms filed with the California Secretary of State, ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.; and BUILDERS SUPPLY LOGISTICS, INC. share the same officers and/or directors, including, but not limited to, Daniel R. Tinker and Dustin Gunderson, who serve as Chief Executive Officer and Secretary, respectively;

(c)     According to the most recent "Statement of Information" forms filed with the California Secretary of State, ROOFLINE, INC. dba

CLASS ACTION COMPLAINT

ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; and BUILDERS SUPPLY LOGISTICS, INC. share the same Chief Financial Officer, R Scott Vansant;

    (d)   On the California Secretary of State's website, ROOFLINE, INC. DBA ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.; and BUILDERS SUPPLY LOGISTICS, INC. share the same agent for service of process, "CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE"; and

    (e)   On information and belief, ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.; and BUILDERS SUPPLY LOGISTICS, INC utilize the same standardized employment forms and issue the same employment policies.

## GENERAL ALLEGATIONS

21.    Defendants are a distributor of roofing materials and building products in the United States. Upon information and belief, Defendants maintain a single, centralized Human Resources ("HR") department at their company headquarters in McKinney, Texas, which is responsible for the recruiting and hiring of new employees, and communicating and implementing Defendants' company-wide policies, including timekeeping policies and meal and rest period policies, to employees throughout California.

22.    In particular, Plaintiffs and class members, on information and belief, received the same standardized documents and/or written policies. Upon information and belief, the usage of standardized documents and/or written policies, including new-hire documents, indicate that Defendants dictated policies at the corporate level and implemented them company-wide, regardless of their employees' assigned locations or positions. Upon information and belief, Defendants set forth uniform policies and procedures in several

1  documents provided at an employee's time of hire.

2      23.    Upon information and belief, Defendants maintain a centralized Payroll

3  department at their company headquarters in McKinney, Texas, which processes payroll for

4  all non-exempt, hourly paid employees working for Defendants at their various locations and

5  jobsites in California, including Plaintiffs and class members.  Based upon information and

6  belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid

7  employees in California, irrespective of their work locations.  Upon information and belief,

8  Defendants process payroll for departing employees in the same manner throughout the State

9  of California, regardless of the manner in which each employee's employment ends.

10     24.    Defendants continue to employ non-exempt or hourly paid employees in

11 California.

12     25.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

13 mentioned, Defendants were advised by skilled lawyers and other professionals, employees

14 and advisors knowledgeable about California labor and wage law, employment and personnel

15 practices, and about the requirements of California law.

16     26.    Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and class

17 members were not paid for all hours worked because all hours worked were not recorded.

18     27.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

19 should have known that Plaintiffs and class members were entitled to receive certain wages

20 for overtime compensation and that they were not receiving certain wages for overtime

21 compensation.

22     28.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

23 should have known that Plaintiffs and class members were entitled to be paid at a regular rate

24 of pay, and corresponding rates of pay for overtime wages and/or meal, rest, and recovery

25 period premiums, that included as eligible income all renumeration required by law, including

26 but not limited to, all income derived from incentive pay, nondiscretionary bonuses, and/or

27 other forms of compensation, but failed to include all forms of remuneration in calculating the

28 regular rate of pay for Plaintiffs and class members.

29.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for work that was required to be done off-the-clock.  In violation of the California Labor Code, Plaintiffs and class members were not paid at least minimum wages for work done off-the-clock.

30.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to meal periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiffs and class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

31.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to rest periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period.  In violation of the California Labor Code, Plaintiffs and class members were not authorized and permitted to take compliant rest periods, nor did Defendants provide Plaintiffs and class members with payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period.

32.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to recovery periods in accordance with the California Labor Code and applicable General Industry Safety Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided a compliant recovery period.  In violation of the California Labor Code, Plaintiffs

1   and class members were not provided compliant recovery periods, nor did Defendants provide

2   Plaintiffs and class members with payment of one (1) additional hour of pay at their regular

3   rates of pay when they were not provided a compliant recovery period.

4       33.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

5   should have known that Plaintiffs and class members were entitled to receive complete and

6   accurate wage statements in accordance with California law.  In violation of the California

7   Labor Code, Plaintiffs and class members were not provided complete and accurate wage

8   statements.

9       34.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

10  should have known that they had a duty to maintain accurate and complete payroll records in

11  accordance with the California Labor Code and applicable IWC Wage Order, but willfully,

12  knowingly, and intentionally failed to do so.

13      35.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

14  should have known that Plaintiffs and class members were entitled to timely payment of all

15  wages earned upon termination of employment.  In violation of the California Labor Code,

16  Plaintiffs and class members did not receive payment of all wages due, including, but not

17  limited to, overtime wages; minimum wages; meal, rest, and recovery period premiums;

18  and/or sick leave pay, within permissible time periods.

19      36.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

20  should have known that Plaintiffs and class members were entitled to timely payment of

21  wages during their employment.  In violation of the California Labor Code, Plaintiffs and

22  class members did not receive payment of all wages, including, but not limited to, overtime

23  wages; minimum wages; meal, rest, recovery period premiums; and/or sick leave pay, within

24  permissible time periods.

25      37.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

26  should have known that Plaintiffs and class members were entitled to receive sick leave

27  benefits to be paid at a regular rate of pay, that included, as eligible income, all income

28  derived from incentive pay, nondiscretionary bonuses, and/or other forms of compensation,

but failed to include all forms of remuneration in calculating the regular rate of pay for sick leave pay.

38.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment and that they did not receive full reimbursement of applicable business-related expenses and costs incurred.

39.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants knew or should have known that Defendants had a duty to provide Plaintiffs and class members with written notice of the material terms of their employment with Defendants as required by the California Wage Theft Prevention Act, but failed to do so.

40.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, that Defendants knew or should have known that they had a duty to provide Plaintiffs and class members with safety devices and safeguards to protect their life, health, and safety in the workplace, but failed to do so.

41.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs and class members for all hours worked, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and class members that they were properly denied wages, all in order to increase Defendants' profits.

## CLASS ACTION ALLEGATIONS

42.     Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus seek class certification under California Code of Civil Procedure section 382.

43.     All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

44.     Plaintiffs' proposed class consists of and is defined as follows:

CLASS ACTION COMPLAINT

> All persons who worked for Defendants as non-exempt, hourly paid employees in California, at any time from June 29, 2021, until the date of trial ("Class").

45.    Plaintiffs' proposed subclass consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly paid employees in California and who received at least one wage statement within one (1) year prior to the filing of the initial complaint until the date of trial ("Subclass").

46.    Members of the Class and Subclass are referred to herein as "class members."

47.    Plaintiffs reserve the right to redefine the Class and Subclass and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

48.    There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a)    Whether Defendants required Plaintiffs and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiffs and class members;

(b)    Whether Defendants failed to include all forms of remuneration in the "regular rate" of pay as required by law for purposes of paying overtime wages and/or meal, rest, and recovery period premiums to Plaintiffs and class members;

(c)    Whether Defendants failed to pay Plaintiffs and class members at least minimum wages for all hours worked;

(d)    Whether Defendants failed to provide Plaintiffs and class members with meal periods;

(e)    Whether Defendants failed to authorize and permit Plaintiffs and class members to take rest periods;

(f)    Whether Defendants failed to provide Plaintiffs and class members with recovery periods;

CLASS ACTION COMPLAINT

(g)    Whether Defendants provided Plaintiffs and class members with complete and accurate wage statements as required by California Labor Code section 226(a);

(h)    Whether Defendants maintained accurate payroll records as required by California Labor Code section 1174(d);

(i)    Whether Defendants failed to pay earned overtime wages; minimum wages meal, rest, and recovery period premiums; and/or sick leave pay due to Plaintiffs and class members upon their discharge;

(j)    Whether Defendants failed timely to pay overtime wages; minimum wages; meal, rest, and recovery period premiums; and/or sick leave pay due to Plaintiffs and class members during their employment;

(k)    Whether Defendants failed to properly calculate the "regular rate" of pay upon which Plaintiffs' and class members' sick leave rate of pay was based;

(l)    Whether Defendants failed to reimburse Plaintiffs and class members for necessary and required business-related expenditures and/or losses incurred by them in the scope of their employment;

(m)    Whether Defendants failed to provide written notice of information material to Plaintiffs' and class members' employment with Defendants;

(n)    Whether Defendants failed to provide Plaintiffs and class members with safety devices and safeguards, such as personal protective equipment;

(o)    Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(p)    The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

49.    There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

(a) <u>Numerosity</u>:  The class members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b) <u>Typicality</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all class members as demonstrated herein.

(c) <u>Adequacy</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e) <u>Public Policy Considerations</u>:  Employers in the State of California

violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

### (Against all Defendants)

50.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

51.    Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

52.    California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

53.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1 ½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

54.    The applicable IWC Wage Order further provides that Defendants are and were

required to pay Plaintiffs and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

55.     California Labor Code section 510 codifies the right to overtime compensation at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh (7th) day of work.

56.     During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiffs and class members. During the relevant time period, Plaintiffs and class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

57.     First, Defendants had, and continue to have, a company-wide policy and/or practice of discouraging and impeding Plaintiffs and class members from recording hours worked that were outside of their scheduled shifts in order to limit the amount of overtime employees could accrue. Because Defendants discouraged overtime accrual by, among other things, altering and/or falsifying timesheets, Plaintiffs and class members were required to complete assigned tasks outside of their scheduled shifts without being compensated for the time they worked.

58.     For example, before nearly every shift Plaintiff Jimenez was required to prepare his company vehicle for the day before Defendants permitted him to clock in for his shift. Further, at the end of each shift and per company policy, Plaintiff Jimenez was required to inspect the company vehicle after he clocked out. Plaintiff Pinzon similarly spent time working before his shifts assisting with preparing the truck for the day. Plaintiffs attempted to record this time spent working, but, on information and belief, Defendants' management

1    would subsequently alter their timesheets and shave off time spent preparing the vehicle for

2    the day and/or inspecting the vehicle at the end of the shifts to avoid payment of additional

3    wages to Plaintiffs and class members.

4        59.    Second, Defendants had, and continue to have, a company-wide security policy

5    and/or practice of allowing only certain employees to carry keys to the Defendants' yard.

6    Specifically, only managerial employees and Drivers were issued keys to access the yard at

7    any given time.  In adherence with this policy, Plaintiff Jimenez and class members had to

8    wait for other employees to complete their duties before they could leave Defendants'

9    premises together, as employees without a key had no means of locking the gate.  For

10   example, Plaintiff Jimenez would often be the last Driver to leave the premises, causing him

11   to have to wait after clocking out until other employees had completed their tasks so he could

12   lock up the yard before leaving for the day.  Similarly, and in adherence with this policy,

13   Plaintiff Pinzon and class members had to wait for a managerial employee or a Driver to

14   arrive at Defendants' premises and unlock the gate in the mornings before they could clock in

15   for their shifts.  As a result, Plaintiffs and class members were subject to Defendants' control

16   before they had clocked in or after they had clocked out for their shifts, but were not

17   compensated for this time.

18       60.    Third, Defendants had, and continue to have, company-wide policies and/or

19   practices of understaffing and assigning heavy workloads, which resulted in a lack of meal

20   period coverage and prevented Plaintiffs and class members from taking all timely,

21   uninterrupted meal periods to which they were entitled.  Defendants also had a practice of

22   failing to schedule meal periods, which further caused Plaintiffs and class members to not be

23   relieved of their duties for compliant meal periods.  In conjunction with these policies and/or

24   practices, Defendants have, systematically, and on a company-wide basis, scheduled and

25   dispatched their employees to complete time-sensitive jobs, which included traveling to

26   various locations, unloading roofing materials, and communicating with customers, without

27   building in sufficient time to allow for 30-minute meal periods, which further prevented

28   Plaintiffs and class members from taking all timely, uninterrupted 30-minute meal periods,

1  and forced them to work off-the-clock during their meal periods to complete their assigned

2  routes. Because there were too few employees assigned to job sites to handle the workload

3  and unload roofing materials, completing the jobs could take longer than the time Defendants

4  allotted for them, such that Plaintiffs and class members were unable to take compliant meal

5  periods. In addition to varying job durations, travel time between job sites could take longer

6  than anticipated due to traffic conditions, which further impeded Plaintiffs and class members

7  from taking compliant meal periods. And, upon information and belief, Defendants had no

8  mechanism in place to permit Plaintiffs and class members to take meal periods when the

9  schedule was thrown off because one or more of their jobs took longer than the scheduled

10  time, or if travel time between job sites was extended by traffic conditions.

11      61.    Furthermore, on information and belief, because Defendants frowned upon

12  employees accruing meal period penalties, Defendants' management pressured Plaintiffs and

13  class members to clock out for meal periods and/or adjusted their time records to reflect

14  compliant meal periods, regardless of whether they had received a compliant meal period or

15  not, in order to strictly limit the meal penalties that would need to be paid by Defendants.

16  Thus, Defendants did not record all hours worked during meal periods, and Plaintiffs and class

17  members performed work during meal periods for which they were not paid.

18      62.    Defendants knew or should have known that as a result of these company-wide

19  practices and/or policies, Plaintiffs and class members were performing their assigned duties

20  off-the-clock before and after their shifts and/or during meal periods, and were suffered or

21  permitted to perform work for which they were not paid. Because Plaintiffs and class

22  members worked shifts of eight (8) hours or more a day, or forty (40) hours a week or more,

23  some of this off-the-clock work qualified for overtime premium pay. Therefore, Plaintiffs and

24  class members were not paid overtime wages for all of the overtime hours they actually

25  worked.

26      63.    Moreover, in addition to an hourly wage, Defendants paid Plaintiffs and class

27  members incentive pay, nondiscretionary bonuses, and/or other forms of remuneration.

28  However, in violation of the California Labor Code, Defendants failed to incorporate all

1  compensation, including incentive pay, nondiscretionary bonuses, and/or other forms of

2  remuneration, into the calculation of the regular rate of pay for purposes of calculating the

3  overtime wage rate.  Therefore, during times when Plaintiffs and class members worked

4  overtime and received these other forms of pay, Defendants failed to pay all overtime wages

5  by paying a lower overtime rate than required.

6      64.    Defendants' failure to pay Plaintiffs and class members the balance of overtime

7  compensation as required by California law, violates the provisions of California Labor Code

8  sections 510 and 1198.  Pursuant to California Labor Code section 1194, Plaintiffs and class

9  members are entitled to recover from Defendants their unpaid overtime compensation, as well

10 as interest, costs, and attorneys' fees.

11                         **SECOND CAUSE OF ACTION**

12  **Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid**

13                              **Minimum Wages**

14                          **(Against all Defendants)**

15      65.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

16 and every allegation set forth above.

17      66.    At all relevant times, California Labor Code sections 1182.12, 1194, 1197,

18 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the

19 minimum wage to be paid to employees, and the payment of a wage less than the minimum so

20 fixed is unlawful.  Compensable work time is defined in IWC Wage Order No. 7-2001 as "the

21 time during which an employee is subject to the control of an employer, and includes all the

22 time the employee is suffered or permitted to work, whether or not required to do so."  Cal.

23 Code. Regs. tit. 8, § 11070(2)(G) (defining "Hours Worked").

24      67.    As set forth above, due to Defendants' restrictions on overtime accrual,

25 Defendants systematically failed to pay Plaintiffs and class members for actual hours worked

26 before and after their scheduled shifts, because these hours were not accurately recorded.

27 Because Defendants discouraged and impeded Plaintiffs and class members from recording

28 hours worked that were outside of their scheduled shifts, Plaintiffs and class members were

1    required to perform work off-the-clock prior to the start of their shifts and/or after their shifts,

2    including preparing the company vehicle for the day, inspecting the vehicle at the end of each

3    day, waiting for other employees to complete their duties to lock the gate, and/or waiting for a

4    managerial employee to arrive and unlock the gate in the morning.  As also stated, on

5    information and belief, Defendants had, and continue to have, a company-wide policy of

6    adjusting or shaving down Plaintiffs' and class members' hourly clock-in and clock-out times

7    in their timekeeping system, further resulting in the failure to pay Plaintiffs and class members

8    minimum wages for all hours actually worked.

9        68.     Further, as also stated above, due to Defendants' policies and/or practices of

10    understaffing, assigning heavy workloads while allowing insufficient time to complete

11    assigned jobs, and failing to schedule meal periods, Plaintiffs and class members were

12    impeded from taking all uninterrupted meal periods to which they were entitled and were

13    required to work off-the-clock during meal periods.  Moreover, as stated, in order to prevent

14    employees from accruing meal period penalties, upon information and belief, Defendants'

15    management pressured employees to clock out for meal periods and/or altered timesheets even

16    when meal periods were missed, short, and/or interrupted.  Thus, Defendants systematically

17    failed to pay Plaintiffs and class members for actual hours worked during unpaid meal periods

18    because these hours were not always correctly recorded.

19        69.     Thus, Defendants did not pay minimum wages for all hours worked by

20    Plaintiffs and class members.  To the extent that these off-the-clock hours did not qualify for

21    overtime premium payment, Defendants did not pay at least minimum wages for those hours

22    worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197,

23    1197.1, and 1198.

24        70.     Defendants' failure to pay Plaintiffs and class members minimum wages

25    violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.  Pursuant to

26    California Labor Code section 1194.2, Plaintiffs and class members are entitled to recover

27    from Defendants liquidated damages in an amount equal to the wages unlawfully unpaid and

28    interest thereon.

**THIRD CAUSE OF ACTION**

**Violations of California Labor Code, §§ 226.7, 512(a), 516, and 1198—Meal Period**

**Violations**

**(Against all Defendants)**

71.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

72.     At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.  Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (2012).

73.     At all relevant times herein set forth, California Labor Code sections 226.7, 512(a), 516, and 1198 provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

74.     At all relevant times herein set forth, Labor Code sections 226.7 and 512(a), and the applicable IWC Wage Order also require employers to provide a second meal period of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

75.     First, during the relevant time period, as stated, Defendants had, and continue to have, a company-wide policy and/or practice of understaffing, assigning heavy workloads, and scheduling time-sensitive jobs while allowing insufficient time for the employees to actually complete the jobs, which resulted in a lack of meal period coverage and prevented Plaintiffs and class members from taking all timely, uninterrupted meal periods to which they

were entitled. Further, Defendants' company-wide practice of failing to schedule meal periods exacerbated the lack of meal period coverage and further caused Plaintiffs and class members to not be relieved of their duties for compliant meal periods.

76.     As a result, Plaintiffs and class members would be forced to work in excess of five (5) hours before taking a meal period and, at times, had to forgo their meal periods altogether. For example, because of Defendants' policy and/or practice of understaffing and assigning heavy workloads, Plaintiffs sometimes had to forgo their meal periods; on the days Plaintiffs were able to take their meal periods, they took their meal periods late, after the end of their fifth hour of work. Moreover, Plaintiffs' meal periods were occasionally cut short by their supervisors asking them to return to work and continue making timely deliveries.

77.     Second, as set forth above, because Defendants frowned upon employees accruing meal period penalties, Defendants' management pressured employees to clock out for meal periods and/or altered timesheets to reflect compliant meal periods, regardless of whether they had received a compliant meal period or not, in order to strictly limit the meal penalties that would need to be paid by Defendants.

78.     Third, Defendants did not provide Plaintiffs and class members with second 30-minute meal periods on days that they worked in excess of ten (10) hours in one day. During their employment, Plaintiffs worked shifts in excess of ten (10) or more hours per day but were not provided a second 30-minute meal period. Plaintiffs and class members did not sign valid meal period waivers on days that they were entitled to meal periods and were not relieved of all duties.

79.     At all times herein mentioned, Defendants knew or should have known that, as a result of these policies, Plaintiffs and class members were prevented from being relieved of all duties and required to perform some of their assigned duties during meal periods. Defendants further knew or should have known that Defendants did not pay Plaintiffs and class members meal period premiums when meal periods were late, interrupted, shortened, and/or missed.

80.     Moreover, Defendants engaged in a company-wide practice and/or policy of

1   not paying all meal period premiums owed when compliant meal periods are not provided.

2   Because of this practice and/or policy, Plaintiffs and class members have not received

3   premium pay for missed, late, and interrupted meal periods.  Alternatively, to the extent that

4   Defendants did pay Plaintiffs and class members premium pay for missed, late, and

5   interrupted meal periods, Defendants did not pay Plaintiffs and class members at the correct

6   rate of pay for premiums because Defendants systematically failed to include all forms of

7   compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of

8   remuneration, in the regular rate of pay.  As a result, Defendants failed to provide Plaintiffs

9   and class members compliant meal periods in violation of California Labor Code sections

10   226.7, 512(a), and 516 and failed to pay the full meal period premiums due.

11       81.    Defendants' conduct violates the applicable IWC Wage Order, and California

12   Labor Code sections 226.7, 512(a), 516, and 1198.  Plaintiffs and class members are therefore

13   entitled to recover from Defendants one (1) additional hour of pay at the employee's regular

14   rate of compensation for each work day that the meal period was not provided.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations**

**(Against all Defendants)**

18       82.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

19   and every allegation set forth above.

20       83.    At all relevant times herein set forth, the applicable IWC Wage Order and

21   California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiffs' and class

22   members' employment by Defendants.

23       84.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

24   employer shall authorize and permit all employees to take rest periods, which insofar as

25   practicable shall be in the middle of each work period" and that the "rest period time shall be

26   based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

27   hours or major fraction thereof" unless the total daily work time is less than three and one-half

28   (3 ½) hours.

85.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.  To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties—including the obligation that an employee remain on call.  A rest period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 273 (2016).  Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiffs and class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not authorized and permitted.

86.     During the relevant time period, Defendants regularly failed to authorize and permit Plaintiffs and class members to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.  As with meal periods, Defendants' company-wide practices, including understaffing, assigning heavy workloads, and scheduling time-sensitive jobs, prevented Plaintiffs and class members from being relieved of all duty to take rest periods.  Additionally, Defendants failed to schedule rest periods, which further led to Plaintiffs and class members not being authorized and permitted to take rest periods.

87.     Furthermore, on information and belief, Defendants maintained and implemented a company-wide on-premises rest period policy, which effectively required that Plaintiffs and/or class members remain on the premises during their rest periods.  Because Plaintiffs and/or class members were restricted from leaving Defendants' premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes, such as completing personal errands.  Thus, Defendants effectively maintained control over Plaintiffs and class members during rest periods.

88.     As a result of Defendants' practices and policies, Plaintiffs and class members worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without receiving all uninterrupted 10-minute rest periods to which they were entitled.  For example,

1  Plaintiffs had to forego their rest periods because of the heavy workload and Defendants'

2  failure to schedule rest periods for employees.

3     89.    Defendants have also engaged in a company-wide practice and/or policy of not

4  paying all rest period premiums owed when compliant rest periods are not authorized and

5  permitted.  Because of this practice and/or policy, Plaintiffs and class members have not

6  received premium pay for all missed rest periods.  Alternatively, to the extent that Defendants

7  did pay Plaintiffs and class members one (1) additional hour of premium pay for missed rest

8  periods, Defendants did not pay Plaintiffs and class members at the correct rate of pay for

9  premiums because Defendants failed to include all forms of compensation, such as incentive

10  pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay.

11  As a result, Defendants denied Plaintiffs and class members rest periods and failed to pay

12  them rest period premiums due, in violation of Labor Code sections 226.7 and 516, and the

13  applicable IWC Wage Order.

14     90.    Defendants' conduct violates the applicable IWC Wage Order and California

15  Labor Code sections 226.7, 516, and 1198.  Plaintiffs and class members are therefore entitled

16  to recover from Defendants one (1) additional hour of pay at the employee's regular rate of

17  compensation for each work day that a compliant rest period was not authorized and

18  permitted.

19                     **FIFTH CAUSE OF ACTION**

20  **Violation of California Labor Code §§ 226.7, 516, and 1198 & California Code of**

21      **Regulations Title 8, Section 3395—Heat Recovery Period Violations**

22                     **(Against all Defendants)**

23     91.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

24  and every allegation set forth above.

25     92.    At all relevant times herein set forth, the applicable General Industry Safety

26  Order and California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiffs'

27  and class members' employment by Defendants.

28     93.    At all relevant times, California Labor Code section 226.7(a) defines "recovery

Page 24

period" to mean a cooldown period afforded an employee to prevent heat illness. California Labor Code section 226.7 provides that no employer shall require an employee to work during any recovery period mandated by an applicable order of the California IWC, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health. The applicable General Industry Safety Order provides that "[w]hen the outdoor temperature in the work area exceeds 80 degrees Fahrenheit, the employer shall have and maintain one or more areas with shade at all times while employees are present that are either open to the air or provided with ventilation or cooling." Cal. Code of Reg., Title 8, § 3395(d)(1). Furthermore, "[t]he amount of shade present shall be at least enough to accommodate the number of employees on recovery or rest periods, so that they can sit in a normal posture fully in the shade without having to be in physical contact with each other." *Id.* "Employees shall be allowed and encouraged to take a preventative cool-down rest in the shade when they feel the need to do so to protect themselves from overheating. Such access to shade shall be permitted at all times." *Id.*

94.     During the relevant time period, Defendants violated California Labor Code section 226.7 and California Code of Regulations, Title 8, section 3395(d), because Defendants failed to provide Plaintiffs and class members with recovery periods. For example, Plaintiffs were not provided shaded areas for recovery while working even though the majority of their work was performed outside and under the sun.

95.     Defendants also engaged in a company-wide practice and/or policy of not paying recovery period premiums owed when compliant recovery periods were not provided. Because of this practice and/or policy, Plaintiffs and class members have not received premium pay for all missed recovery periods. Alternatively, to the extent that Defendants did pay Plaintiffs and class members one (1) additional hour of premium pay for missed recovery periods, Defendants did not pay Plaintiffs and class members at the correct rate of pay for premiums because Defendants failed to include all forms of compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay. As a result, Defendants denied Plaintiffs and class members recovery periods and failed to pay

1 them recovery period premiums due, in violation of California Labor Code section 226.7 and

2 the applicable General Industry Safety Order.

3       96.     Defendants' conduct violates the applicable General Industry Safety Order and

4 California Labor Code sections 226.7, 516, and 1198.  Plaintiffs and class members are

5 therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's

6 regular rate of compensation for each work day that a compliant recovery period was not

7 provided.

8 **SIXTH CAUSE OF ACTION**

9 **Violation of California Labor Code §§ 226(a), 1174(d), and 1198—Non-Compliant Wage**

10 **Statements and Failure to Maintain Accurate Payroll Records**

11 **(Against all Defendants)**

12       97.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each

13 and every allegation set forth above.

14       98.     At all relevant times herein set forth, California Labor Code section 226(a)

15 provides that every employer shall furnish each of his or her employees an accurate and

16 complete itemized wage statement in writing, including, but not limited to, the name and

17 address of the legal entity that is the employer, the inclusive dates of the pay period, total

18 hours worked, and all applicable rates of pay.

19       99.     At all relevant times, Defendants have knowingly and intentionally provided

20 Plaintiffs and Subclass members with uniform, incomplete, and inaccurate wage statements.

21 For example, Defendants issued uniform wage statements to Plaintiffs and Subclass members

22 that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all

23 applicable hourly rates in effect during the pay period, including rates of pay for overtime

24 wages; meal, rest, and recovery period premiums; and/or paid sick leave, and the

25 corresponding number of hours worked at each hourly rate.  Specifically, Defendants violated

26 sections 226(a)(1), 226(a)(2), 226(a)(5), and 226(a)(9).

27       100.    Because Defendants did not record the time Plaintiffs and Subclass members

28 spent working off the clock and deducted time from their records for meal periods that were

1   interrupted and/or missed (and therefore time for which they should have been paid),

2   Defendants did not list the correct amount of gross wages and net wages earned by Plaintiffs

3   and Subclass members in compliance with sections 226(a)(1) and 226(a)(5).  For the same

4   reason, Defendants failed to accurately list the total number of hours worked by Plaintiffs and

5   Subclass members, in violation of section 226(a)(2), and failed to list the applicable hourly

6   rates of pay in effect during the pay period and the corresponding accurate number of hours

7   worked at each hourly rate, in violation of section 226(a)(9).

8       101.   Additionally, because Defendants did not calculate Plaintiffs' and Subclass

9   members' regular rate of pay correctly for purposes of paying overtime wages; meal, rest,

10  recovery period premiums; and/or paid sick leave, Defendants did not list the correct amount

11  of gross wages in compliance with section 226(a)(1).  For the same reason, Defendants failed

12  to list the correct amount of net wages in violation of section 226(a)(5).  Defendants also

13  failed to correctly list all applicable hourly rates in effect during the pay period, namely,

14  correct rates of pay for overtime wages and/or meal, rest, and recovery premiums, in violation

15  of section 226(a)(9).

16      102.   The wage statement deficiencies also include, among other things, failing to list

17  the number of piece-rate units earned and any applicable piece rate if the employee is paid on

18  a piece-rate basis; failing to list all deductions; failing to list the inclusive dates of the period

19  for which employees were paid; failing to list the name of the employee and only the last four

20  digits of his or her social security number or an employee identification number other than a

21  social security number; failing to list the name and address of the legal entity that is the

22  employer; and/or failing to state all hours worked as a result of not recording or stating the

23  hours they worked off-the-clock.

24      103.   California Labor Code section 1174(d) provides that "[e]very person employing

25  labor in this state shall . . . [k]eep a record showing the names and addresses of all employees

26  employed and the ages of all minors" and "[k]eep, at a central location in the state or at the

27  plants or establishments at which employees are employed, payroll records showing the hours

28  worked daily by and the wages paid to, and the number of piece-rate units earned by and any

1   applicable piece rate paid to, employees employed at the respective plants or

2   establishments. . . ."  At all relevant times, and in violation of Labor Code section 1174(d),

3   Defendants willfully failed to maintain accurate payroll records for Plaintiffs and Subclass

4   members showing the daily hours they worked and the wages paid thereto as a result of failing

5   to record the off-the-clock hours that they worked.

6        104.   California Labor Code section 1198 provides that the maximum hours of work

7   and the standard conditions of labor shall be those fixed by the Labor Commissioner and as

8   set forth in the applicable IWC Wage Order.  Section 1198 further provides that "[t]he

9   employment of any employees for longer hours than those fixed by the order or under

10   conditions of labor prohibited by the order is unlawful."  Pursuant to the applicable IWC

11   Wage Order, employers are required to keep accurate time records showing when the

12   employee begins and ends each work period and meal period.  During the relevant time

13   period, Defendants engaged in company-wide practices and/or policies of failing to record

14   actual hours worked (including falsifying time records by recording that compliant meal

15   periods were taken regardless of if or when meal periods were actually taken), and thereby

16   failed, on a company-wide basis, to keep accurate records of work period and meal period

17   start and stop times for Plaintiffs and Subclass members, in violation of section 1198.  Also, in

18   light of Defendants' failure to provide Plaintiffs and Subclass members with second 30-

19   minute meal periods to which they were entitled, Defendants kept no records of meal start and

20   end times for second meal periods.

21        105.   Plaintiffs and Subclass members are entitled to recover from Defendants the

22   greater of their actual damages caused by Defendants' failure to comply with California Labor

23   Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

24   employee.

25   //

26   //

27   //

28   //

CLASS ACTION COMPLAINT

### SEVENTH CAUSE OF ACTION

**Violation of California Labor Code §§ 201 and 202—Wages Not Timely Paid Upon Termination**

**(Against all Defendants)**

106.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

107.    At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

108.    On information and belief, Defendants have a company-wide practice or policy of not paying departing employees their final wages until they return all of their uniform items, instead of adhering to the time requirements set forth in Labor Code sections 201 and 202.  For example, Plaintiff Pinzon was terminated; however, he did not receive his final pay until the following day when he reported to Defendants' office to return his uniforms.  Thus, Defendants failed to pay Plaintiff Pinzon his final wages immediately, in violation of California Labor Code section 201.

109.    In addition, Defendants willfully failed to pay Plaintiffs and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages; minimum wages; meal, rest, and recovery period premiums; and/or sick leave pay, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

110.    Defendants' failure to pay Plaintiffs and class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201

and 202.  Plaintiffs and class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### EIGHTH CAUSE OF ACTION

**Violation of California Labor Code § 204—Failure to Timely Pay Wages During Employment**

**(Against all Defendants)**

111.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

112.    This cause of action is dependent upon, and wholly derivative of, the overtime wages; minimum wages; meal, rest, and recovery period premiums; and/or sick leave pay that were not timely paid to Plaintiffs and class members during their employment.

113.    At all times relevant herein set forth, Labor Code section 204 provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.

114.    At all times relevant herein, Labor Code section 204 provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

115.    At all times relevant herein, Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  Alternatively, at all times relevant herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

116.    During the relevant time period, Defendants willfully failed to pay Plaintiffs and class members all wages due including, but not limited to, overtime wages; minimum wages; meal, rest, and recovery period premiums; and/or sick leave pay within the time periods specified by California Labor Code section 204.

117.    Defendants' failure to pay Plaintiffs and class members all wages due violates Labor Code section 204.  Plaintiffs and class members are therefore entitled to recover from Defendants the statutory penalty wages pursuant to California Labor Code section 210.

## NINTH CAUSE OF ACTION

### Violation of California Labor Code § 2802—Unpaid Business-Related Expenses

### (Against all Defendants)

118.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

119.    At all times herein set forth, California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures and losses incurred by the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014).  The applicable wage order, IWC Wage Order No. 7-2001, provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

120.    First, during the relevant time period, Plaintiffs and class members were required to use their personal mobile devices, including, but not limited to, cellular phones, and/or mobile data to carry out their job duties, but Defendants failed to reimburse them for the costs of their work-related mobile device expenses.  For example, Plaintiffs were required to use their personal cellular phones to converse with their supervisors and dispatch about

1   work-related matters.  Further, Plaintiffs were required to download a "Workday" mobile
2   application on their personal mobile devices which they used to clock in and out for their meal
3   periods and to view their paystubs and schedule.  Additionally, Plaintiff Jimenez was required
4   to use his personal mobile device to take photos of the materials once a delivery was complete
5   as proof of proper delivery and handling.  Although Defendants required Plaintiffs and class
6   members to utilize their personal mobile devices and/or mobile data to carry out their work-
7   related responsibilities, Defendants failed to reimburse them for these costs.

8       121.    Second, during the relevant time period, Defendants, on a company-wide basis,
9   required that Plaintiff Jimenez and class members utilize their own personal vehicles to carry
10  out company business, but failed to reimburse them for all costs of travel, including mileage.
11  For example, Defendants requested that Plaintiff Jimenez drive his own personal vehicle to
12  make small nearby deliveries to avoid additional wear and tear on the company vehicles.
13  Additionally, during the relevant time period, Defendants had a company-wide policy and/or
14  practice of requiring employees to travel in their own personal vehicles to designated medical
15  facilities to undergo random mandatory drug testing, but did not reimburse them for their
16  travel expenses, including mileage.  At all times, Defendants were in control of scheduling the
17  date and time for the drug testing, selecting the provider or facility where the drug tests were
18  to take place, and determining the scope of the drug testing.  For example, Plaintiff Jimenez
19  drove his personal vehicle to undergo a mandatory drug test per Defendants' instructions, but
20  was not reimbursed for his mileage to and from the medical facility.  Although Defendants
21  required Plaintiff Jimenez and class members to use their own personal vehicles to complete
22  their work-related duties, Defendants did not reimburse them for their travel expenses.

23      122.    Third, during the relevant time period, Defendants required Plaintiffs and class
24  members to purchase tools, supplies and safety equipment necessary for the performance of
25  their duties, but failed to reimburse them for their out-of-pocket costs.  For example, Plaintiff
26  Jimenez was required to purchase a flashlight which he needed to perform company vehicle
27  inspections.  In addition, Plaintiffs and class members were required to purchase special safety
28  shoes, such as steel-toed boots, which they were required to wear while at work, but they were

not reimbursed for these costs.  Although Defendants required Plaintiffs and class members to purchase tools, supplies and safety equipment to carry out their work-related responsibilities, Defendants failed to reimburse them for their out-of-pocket costs.

123.    Defendants could have provided Plaintiffs and class members with the actual equipment for use on the job, such as company mobile devices; company vehicles; and/or tools, supplies and safety equipment.  Or, Defendants could have reimbursed employees for the costs of their mobile device usage; travel expenses; mileage; and/or tool, supply, and safety equipment purchases.  Instead, Defendants passed these operating costs off onto Plaintiffs and class members.

124.    Defendants' company-wide policy and/or practice of passing on their operating costs to Plaintiffs and class members violates California Labor Code section 2802.  Defendants have intentionally and willfully failed to reimburse Plaintiffs and class members for necessary business-related expenses and costs.

125.    Plaintiffs and class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

## TENTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq.* –

### Unlawful Business Practices

### (Against all Defendants)

126.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

127.    Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

128.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, class members, and to the general public.  Plaintiffs have suffered injury in fact and have lost money as a result of Defendants' unlawful business

1  practices. Plaintiffs seek to enforce important rights affecting the public interest within the

2  meaning of Code of Civil Procedure section 1021.5.

3    129.   Defendants' activities, as alleged herein, are violations of California law, and

4  constitute unlawful business acts and practices in violation of California Business &

5  Professions Code sections 17200, *et seq.*

6    130.   A violation of California Business & Professions Code sections 17200, *et seq.*

7  may be predicated on the violation of any state or federal law. In the instant case, Defendants'

8  policies and practices have violated state law in at least the following respects:

9    (a)  Requiring non-exempt, hourly paid employees, including Plaintiffs and

10      class members, to work overtime without paying them proper

11      compensation in violation of California Labor Code sections 510 and

12      1198 and the applicable IWC Wage Order, as alleged herein;

13    (b)  Failing to include all forms of remuneration in the "regular rate" of pay

14      as required by law for purposes of paying overtime wages and/or meal,

15      rest, and recovery period premiums to Plaintiffs and class members, in

16      violation of California Labor Code sections 226.7, 510, and 1198, and

17      the applicable IWC Wage Order, as alleged herein;

18    (c)  Failing to pay at least minimum wage to Plaintiffs and class members in

19      violation of California Labor Code sections 1182.12, 1194, 1197,

20      1197.1, and 1198, and the applicable IWC Wage Order, as alleged

21      herein;

22    (d)  Failing to provide uninterrupted meal periods to Plaintiffs and class

23      members in violation of California Labor Code sections 226.7, 512(a),

24      516, and 1198, and the applicable IWC Wage Order, as alleged herein;

25    (e)  Failing to authorize and permit Plaintiffs and class members to take

26      uninterrupted rest periods in violation of California Labor Code sections

27      226.7, 516, and 1198, and the applicable IWC Wage Order, as alleged

28      herein;

CLASS ACTION COMPLAINT

(f)    Failing to provide recovery periods to Plaintiffs and class members in violation of California Labor Code sections 226.7, 516, and 1198, Calif. Code of Reg. Title 8 section 3395, and the applicable General Industry Safety Order, as alleged herein;

(g)    Failing to provide Plaintiffs and class members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), 1174(d), and 1198, and the applicable IWC Wage Order, as alleged herein;

(h)    Failing timely to pay all earned wages to Plaintiffs and class members in violation of California Labor Code section 204, as alleged herein;

(i)    Failing to properly calculate the sick leave paid to Plaintiffs and class members in violation of Labor Code section 246(l), as set forth below;

(j)    Failing to reimburse Plaintiffs and class members for all business expenses necessarily incurred in violation of California Labor Code section 2802, as alleged herein;

(k)    Failing to provide written notice of information material to Plaintiffs' and class members' employment with Defendants in violation of California Labor Code section 2810.5(a)(1)(A)-(C), as set forth below; and

(l)    Failing to provide Plaintiffs and class members with safety devices and safeguards, such as personal protective equipment, in violation of California Labor Code sections 6401 and 6403 as set forth below.

131.    At all relevant times herein, California Labor Code sections 245.5, 246, 246.5, 247, 247.5, 248.5, and 249 provide employees who have worked in California for 30 or more days from the commencement of employment with paid sick days, to be accrued at least one hour for every 30 hours worked. Pursuant to California Labor Code section 246(b)(4), employers must provide no less than 24 hours or three (3) days of paid sick leave (or equivalent paid leave or paid time off) in each year of the employee's employment. Further, Labor Code section 246(l) provides that an employer shall calculate paid sick leave by using

1   one of two calculations: 1) "[p]aid sick time for nonexempt employees shall be calculated in

2   the same manner as the regular rate of pay for the workweek in which the employee uses paid

3   sick time, whether or not the employee actually works overtime in that workweek[;]" or 2)

4   "[p]aid sick time for nonexempt employees shall be calculated by dividing the employee's

5   total wages, not including overtime premium pay, by the employee's total hours worked in the

6   full pay periods of the prior 90 days of employment."

7       132.    During the relevant time period, on information and belief, Defendants did not

8   pay Plaintiffs and class members the correct sick leave rates of pay.  In addition to an hourly

9   wage, Defendants paid Plaintiffs and class members incentive pay, nondiscretionary bonuses,

10  and/or other forms of remuneration.  However, in violation of the California Labor Code,

11  Defendants failed to incorporate all remunerations, including incentive pay and/or

12  nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of

13  calculating the sick leave rate.  Therefore, during times when Plaintiffs and class members

14  took sick leave and received these other forms of pay, Defendants failed to pay all sick leave

15  benefits by paying a lower sick leave rate than required.  Specifically, Defendants paid

16  Plaintiffs and class members sick leave based on their hourly rate of pay instead of their

17  regular rate of pay.

18      133.    Defendants' failure to properly calculate the sick leave rates of pay based on all

19  remuneration paid has resulted in an underpayment of sick leave benefits to Plaintiffs and

20  class members on a company-wide basis in violation of Labor Code 246(l).

21      134.    At all relevant times herein, California's Wage Theft Prevention Act was

22  enacted to ensure that employers provide employees with basic information material to their

23  employment relationship at the time of hiring, and to ensure that employees are given written

24  and timely notice of any changes to basic information material to their employment.  Codified

25  at California Labor Code section 2810.5, the Wage Theft Prevention Act provides that at the

26  time of hiring, an employer must provide written notice to employees containing basic and

27  material payroll information, including, among other things, the rate(s) of pay and basis

28  thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise,

1    including any rates for overtime, the regular payday designated by the employer, and any

2    allowances claims as part of the minimum wage, including meal or lodging allowances.  Labor

3    Code § 2810.5(a)(1)(A)-(C).

4         135.   At all relevant times, on information and belief, Defendants failed, on a

5    company-wide basis, to provide written notice to Plaintiffs and class members that lists the

6    requisite information set forth in Labor Code section 2810.5(a)(1)(A)-(C).  Defendants' failure

7    to provide Plaintiffs and class members with written notice of basic information regarding

8    their employment with Defendants is in violation of California Labor Code section 2810.5.

9         136.   At all relevant times herein, California Labor Code section 6401 provides that

10   employers must furnish and use safety devices and safeguards, and adopt and use practices,

11   means, methods, operations, and processes which are reasonably adequate to render the

12   employment and place of employment safe and healthy.  California Labor Code Section 6401

13   further provides that an employer must do everything reasonably necessary to protect the life,

14   safety, and health of their employees.  California Labor Code section 6403(a) requires that

15   employers provide and use safety devices and safeguards reasonably adequate to render the

16   employment and place of employment safe.

17        137.   During the relevant period, as stated above, Defendants failed to provide

18   Plaintiffs and class members with personal protective equipment, such as steel-toed boots, to

19   keep them safe in the workplace.  Despite the fact that Defendants required Plaintiffs and class

20   members to wear certain personal protective equipment, including steel-toed boots, while

21   engaged in their work-related duties, Defendants failed to provide such reasonably necessary

22   equipment to Plaintiffs and class members to keep them safe.  Thus, Defendants' failure to

23   provide Plaintiffs and class members with safety devices and safeguards for the workplace

24   violates Labor Code sections 6401 and 6403.

25        138.   As a result of the violations of California law herein described, Defendants

26   unlawfully gained an unfair advantage over other businesses.  Plaintiffs and class members

27   have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged

28   herein.

CLASS ACTION COMPLAINT

139.   Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiffs and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

**ELEVENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unfair Business Practices**

**(Against all Defendants)**

140.   Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

141.   Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

142.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiffs, class members, and to the general public.  Plaintiffs have suffered injury in fact and has lost money as a result of Defendants' unfair business practices. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

143.   Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiffs and class members meal, rest, recovery period premiums due to them under Labor Code section 226.7, deprived Plaintiffs and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7.  The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct." *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits of section 226.7 were guaranteed to Plaintiffs and class members as part of their employment with Defendants,

CLASS ACTION COMPLAINT

1  and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an

2  unfair business practice in violation of California Business & Professions Code sections

3  17200, *et seq.* (*Id.*)

4        144.  A violation of California Business & Professions Code sections 17200, *et seq.*

5  may be predicated on any unfair business practice. In the instant case, Defendants' policies

6  and practices have violated the spirit of California's meal and rest period laws and constitute

7  acts against the public policy behind these laws.

8        145.  Pursuant to California Business & Professions Code sections 17200, *et seq.*,

9  Plaintiffs and class members are entitled to restitution for the class-wide loss of the statutory

10  benefits implemented by section 226.7 withheld and retained by Defendants during a period

11  that commences four years prior to the filing of this complaint; a permanent injunction

12  requiring Defendants to pay all statutory benefits implemented by section 226.7 due to

13  Plaintiffs and class members; an award of attorneys' fees pursuant to California Code of Civil

14  Procedure section 1021.5 and other applicable laws; and an award of costs.

15  **REQUEST FOR JURY TRIAL**

16        Plaintiffs request a trial by jury.

17  **PRAYER FOR RELIEF**

18        Plaintiffs, on behalf of all others similarly situated, pray for relief and judgment

19  against Defendants, jointly and severally, as follows:

20        1.  For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

21  excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs. Plaintiffs

22  reserve the right to amend their prayer for relief to seek a different amount.

23  **Class Certification**

24        2.  That this case be certified as a class action;

25        3.  That Plaintiffs be appointed as the representatives of the Class and Subclass;

26        4.  That counsel for Plaintiffs be appointed as class counsel.

27  **As to the First Cause of Action**

28        5.  That the Court declare, adjudge, and decree that Defendants violated California

1  Labor Code sections 510 and 1198, and the applicable IWC Wage Order by willfully failing to

2  pay all overtime wages due to Plaintiffs and class members;

3      6.      For general unpaid wages at overtime wage rates and such general and special

4  damages as may be appropriate;

5      7.      For pre-judgment interest on any unpaid overtime compensation commencing

6  from the date such amounts were due, or as otherwise provided by law;

7      8.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

8  California Labor Code section 1194(a); and

9      9.      For such other and further relief as the Court may deem equitable and

10  appropriate.

11                      **As to the Second Cause of Action**

12      10.     That the Court declare, adjudge and decree that Defendants violated California

13  Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage

14  Order by willfully failing to pay minimum wages to Plaintiffs and class members;

15      11.     For general unpaid wages and such general and special damages as may be

16  appropriate;

17      12.     For pre-judgment interest on any unpaid compensation from the date such

18  amounts were due, or as otherwise provided by law;

19      13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

20  California Labor Code section 1194(a);

21      14.     For liquidated damages pursuant to California Labor Code section 1194.2; and

22      15.     For such other and further relief as the Court may deem equitable and

23  appropriate.

24                      **As to the Third Cause of Action**

25      16.     That the Court declare, adjudge, and decree that Defendants violated California

26  Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order by

27  willfully failing to provide all meal periods to Plaintiffs and class members;

28      17.     That the Court make an award to the Plaintiffs and class members of one (1)

1   hour of pay at each employee's regular rate of pay for each workday that a meal period was

2   not provided;

3      18.   For all actual, consequential, and incidental losses and damages, according to

4   proof;

5      19.   For premiums pursuant to California Labor Code section 226.7(c);

6      20.   For pre-judgment interest on any unpaid meal period premiums from the date

7   such amounts were due, or as otherwise provided by law;

8      21.   For attorneys' fees pursuant to California Code of Civil Procedure section

9   1021.5, or as otherwise provided by law; and

10      22.   For such other and further relief as the Court may deem equitable and

11   appropriate.

12                    **As to the Fourth Cause of Action**

13      23.   That the Court declare, adjudge and decree that Defendants violated California

14   Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order by willfully

15   failing to authorize and permit Plaintiffs and class members to take all rest periods;

16      24.   That the Court make an award to the Plaintiffs and class members of one (1)

17   hour of pay at each employee's regular rate of pay for each workday that a rest period was not

18   authorized and permitted;

19      25.   For all actual, consequential, and incidental losses and damages, according to

20   proof;

21      26.   For premiums pursuant to California Labor Code section 226.7(c);

22      27.   For pre-judgment interest on any unpaid rest period premiums from the date

23   such amounts were due, or as otherwise provided by law;

24      28.   For attorneys' fees pursuant to California Code of Civil Procedure section

25   1021.5, or as otherwise provided by law; and

26      29.   For such other and further relief as the Court may deem equitable and

27   appropriate.

28   //

1

<b>As to the Fifth Cause of Action</b>

2      30.     That the Court declare, adjudge and decree that Defendants violated California

3   Labor Code sections 226.7, 516, and 1198 and the applicable General Industry Safety Order

4   by willfully failing to provide all recovery periods to Plaintiffs and class members;

5      31.     That the Court make an award to the Plaintiffs and class members of one (l)

6   hour of pay at each employee's regular rate of pay for each workday that a recovery period

7   was not provided;

8      32.     For all actual, consequential, and incidental losses and damages, according to

9   proof;

10     33.     For premiums pursuant to California Labor Code section 226.7(c);

11     34.     For pre-judgment interest on any unpaid recovery period premiums from the

12   date such amounts were due, or as otherwise provided by law;

13     35.     For attorneys' fees pursuant to California Code of Civil Procedure section

14   1021.5, or as otherwise provided by law; and

15     36.     For such other and further relief as the Court may deem equitable and

16   appropriate.

17

<b>As to the Sixth Cause of Action</b>

18     37.     That the Court declare, adjudge and decree that Defendants violated the

19   recordkeeping provisions of California Labor Code section 226(a) and the applicable IWC

20   Wage Order as to Plaintiffs and Subclass members, and willfully failed to provide accurate

21   itemized wage statements thereto;

22     38.     For all actual, consequential, and incidental losses and damages, according to

23   proof;

24     39.     For injunctive relief pursuant to California Labor Code section 226(h);

25     40.     For statutory penalties pursuant to California Labor Code section 226(e);

26     41.     For attorneys' fees and costs pursuant to California Labor Code section

27   226(e)(1); and

28     42.     For such other and further relief as the Court may deem equitable and

Page 42

CLASS ACTION COMPLAINT

1    appropriate.

2                  **As to the Seventh Cause of Action**

3         43.     That the Court declare, adjudge and decree that Defendants violated California

4    Labor Code sections 201 and 202 by willfully failing to pay overtime wages; minimum wages;

5    meal, rest, and recovery period premiums; and/or sick leave pay owed at the time of

6    termination of the employment of Plaintiffs and other terminated class members;

7         44.     For all actual, consequential and incidental losses and damages, according to

8    proof;

9         45.     For waiting time penalties according to proof pursuant to California Labor

10    Code section 203 for all employees who have left Defendants' employ;

11         46.     For pre-judgment interest on any unpaid wages from the date such amounts

12    were due, or as otherwise provided by law;

13         47.     For attorneys' fees pursuant to California Code of Civil Procedure section

14    1021.5, or as otherwise provided by law; and

15         48.     For such other and further relief as the Court may deem equitable and

16    appropriate.

17                  **As to the Eighth Cause of Action**

18         49.     That the Court declare, adjudge and decree that Defendants violated California

19    Labor Code section 204 by willfully failing to timely pay Plaintiffs and class members

20    overtime wages; minimum wages; meal, rest, and recovery period premiums; and/or sick leave

21    pay during their employment;

22         50.     For all actual, consequential and incidental losses and damages, according to

23    proof;

24         51.     For statutory penalties according to proof pursuant to California Labor Code

25    section 210;

26         52.     For pre-judgment interest on any unpaid wages from the date such amounts

27    were due, or as otherwise provided by law;

28         53.     For attorneys' fees pursuant to California Code of Civil Procedure section

CLASS ACTION COMPLAINT

1   1021.5, or as otherwise provided by law; and

2       54.    For such other and further relief as the Court may deem equitable and

3   appropriate.

### As to the Ninth Cause of Action

5       55.    That the Court declare, adjudge and decree that Defendants violated California

6   Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-

7   related expenses and costs incurred by Plaintiffs and class members;

8       56.    For unpaid business-related expenses and such general and special damages as

9   may be appropriate;

10       57.    For pre-judgment interest on any unpaid business-related expenses from the

11   date such amounts were due, or as otherwise provided by law;

12       58.    For all actual, consequential, and incidental losses and damages, according to

13   proof;

14       59.    For attorneys' fees and costs pursuant to California Labor Code section

15   2802(c), or as otherwise provided by law; and

16       60.    For such other and further relief as the Court may deem equitable and

17   appropriate.

### As to the Tenth Cause of Action

19       61.    That the Court declare, adjudge and decree that Defendants' conduct of failing

20   to provide Plaintiffs and class members all overtime wages due to them, failing to include all

21   forms of remuneration in the "regular rate" of pay for purposes of paying overtime wages

22   and/or meal, rest, and recovery period premiums to Plaintiffs and class members, failing to

23   provide Plaintiffs and class members all minimum wages due to them, failing to provide

24   Plaintiffs and class members all meal periods, failing to authorize and permit Plaintiffs and

25   class members to take all rest periods, failing to provide Plaintiffs and class members recovery

26   periods, failing to provide Plaintiffs and class members accurate and complete wage

27   statements, failing to maintain accurate payroll records for Plaintiffs and class members,

28   failing to timely pay Plaintiffs and class members all earned wages during employment,

1   failing to properly calculate Plaintiffs' and class members' sick leave, failing to reimburse

2   Plaintiffs and class members for business-related expenses, failing to provide notice of

3   material terms of employment, and failing to provide safety devices and safeguards constitutes

4   an unlawful business practice in violation of California Business and Professions Code

5   sections 17200, *et seq.*;

6         62.    For restitution of unpaid wages to Plaintiffs and all class members and

7   prejudgment interest from the day such amounts were due and payable;

8         63.    For the appointment of a receiver to receive, manage, and distribute any and all

9   funds disgorged from Defendants and determined to have been wrongfully acquired by

10   Defendants as a result of violations of California Business & Professions Code sections

11   17200, *et seq.*;

12         64.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

13   California Code of Civil Procedure section 1021.5; and

14         65.    For such other and further relief as the Court may deem equitable and

15   appropriate.

16                     **As to the Eleventh Cause of Action**

17         66.    That the Court declare, adjudge and decree that Defendants' conduct of denying

18   Plaintiffs and class members the statutory benefits guaranteed under section 226.7 constitutes

19   an unfair business practice in violation of California Business and Professions Code sections

20   17200, *et seq.*;

21         67.    For restitution of the statutory benefits under section 226.7 unfairly withheld

22   from Plaintiffs and class members and prejudgment interest from the day such amounts were

23   due and payable;

24         68.    For the appointment of a receiver to receive, manage, and distribute any and all

25   funds disgorged from Defendants and determined to have been wrongfully acquired by

26   Defendants as a result of violations of California Business & Professions Code sections

27   17200, *et seq.*;

28         69.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

California Code of Civil Procedure section 1021.5;

70.     For pre-judgment and post-judgment interest as provided by law; and

For such other and further relief as the Court may deem equitable and appropriate.

Dated: January 23, 2023                   Respectfully submitted,

                                          Capstone Law APC

                                    By: _____
                                          Orlando Villalba
                                          Helga Hakimi
                                          Roxanna Tabatabaeepour

                                          Attorneys for Plaintiffs Carlos Jimenez and Juan
                                          Pinzon

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Orlando Villalba (SBN 232165)<br>CAPSTONE LAW APC, 1875 Century Park East, Suite 1000, Los Angeles, CA 90067 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 310-556-4811    FAX NO. *(Optional)*: 310-943-0396<br>E-MAIL ADDRESS: orlando.villalba@capstonelawyers.com<br>ATTORNEY FOR *(Name)*: Plaintiff's Carlos Jimenez and Juan Pinson | FILED<br>Superior Court Of California,<br>Sacramento<br>01/23/2023<br>vlexson<br>By_____, Deputy<br>Case Number:<br>34-2023-00333516 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street, Room 102
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Sacramento Superior Court

CASE NAME:
Jimenez, et al. vs. Roofline, Inc. dba Roofline Supply & Delivery, et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [x] Substantial amount of documentary evidence
d. [x] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
**4.** Number of causes of action *(specify)*: Eleven (11)
**5.** This case [x] is [ ] is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: January 23, 2023
Orlando Villalba
_____ ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition



**Notice of Service of Process**

**null / ALL**
**Transmittal Number: 26346702**
**Date Processed: 02/07/2023**

| | |
|---|---|
| **Primary Contact:** | Shannon Straley<br>SRS Distribution Inc.<br>7440 S. State Hwy. 121<br>Attn:  Legal Dept.<br>McKinney, TX 75070 |
| **Electronic copy provided to:** | Dustin Gunderson<br>Nathan White |

| | |
|---|---|
| **Entity:** | Roofline, Inc.<br>Entity ID Number  3635645 |
| **Entity Served:** | Roofline, Inc. dba Roofline Supply & Delivery |
| **Title of Action:** | Carlos Jimenez vs. Roofline, Inc. dba Roofline Supply & Delivery |
| **Matter Name/ID:** | Carlos Jimenez vs. Roofline, Inc. dba Roofline Supply & Delivery (13558694) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Sacramento County Superior Court, CA |
| **Case/Reference No:** | 34-2023-00333516 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/06/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Capstone Law APC<br>310-556-4811 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FILED
Superior Court of California,
Sacramento

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

01/25/2023

vbloxson

By_____ , Deputy

Case Number:
34-2023-00333516

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY, an Oregon corporation; Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CARLOS JIMENEZ and JUAN PINZON, individually, and on behalf of other members of the general public similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Sacramento Superior Court<br><br>720 9th Street, Room 102, Sacramento, CA 95814 | CASE NUMBER:<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Orlando Villalba, Capstone Law, APC, 1875 Century Park East, Suite 1000, Los Angeles, CA 90067 - (310) 556-4811

| DATE:<br>*(Fecha)* JAN 2 5 2023 | Clerk, by<br>*(Secretario)* V. BLOXSON | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒☒ on behalf of *(specify):* **ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY, an Oregon corporation**

   under: ☒☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

[SEAL]

BY FAX

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jimenez, et al. vs. Roofline, Inc. dba Roofline Supply & Delivery, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

SRS DISTRIBUTION INC., a Delaware corporation;
J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC., a California corporation;
BUILDERS SUPPLY LOGISTICS, INC., a Delaware corporation;
and DOES 1 through 10, inclusive,

Page   1   of   1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

FILED
Superior Court Of California,
Sacramento

01/23/2023
rdoxson
By_____ , Deputy
Case Number:
34-2023-00333616

1  Orlando Villalba (SBN 232165)
   Orlando.Villalba@capstonelawyers.com
2  Helga Hakimi (SBN 257381)
   Helga.Hakimi@capstonelawyers.com
3  Roxanna Tabatabaeepour (SBN 260187)
   Roxanna.Taba@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:     (310) 556-4811
6  Facsimile:     (310) 943-0396

7  Attorneys for Plaintiffs Carlos Jimenez and Juan Pinzon

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF SACRAMENTO

11

12 | CARLOS JIMENEZ and JUAN PINZON, | Case No.:
13 | individually, and on behalf of other members of the general public similarly | **CLASS ACTION COMPLAINT**
14 | situated, |
   |  | (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
15 | Plaintiffs, | (2) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages);
16 | vs. |
17 | ROOFLINE, INC. dba ROOFLINE SUPPLY | (3) Violation of California Labor Code §§ 226.7, 512(a), 516, and 1198 (Failure to Provide Meal Periods);
18 | & DELIVERY, an Oregon corporation; SRS DISTRIBUTION INC., a Delaware | (4) Violation of California Labor Code §§ 226.7, 516, and 1198 (Failure to Authorize and Permit Rest Periods);
19 | corporation; J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC., a |
20 | California corporation; BUILDERS SUPPLY LOGISTICS, INC., a Delaware corporation; | (5) Violation of Labor Code §§ 226.7, 516, and 1198 (Failure to Provide Recovery Periods);
21 | and DOES 1 through 10, inclusive, |
22 |  | (6) Violation of California Labor Code §§ 226(a), 1174(d), and 1198 (Non-Compliant Wage Statements and Failure to Maintain Payroll Records);
23 | Defendants. |
24 |  | (7) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);
25 |  | (8) Violation of California Labor Code § 204 (Failure to Timely Pay Wages During Employment);
26 |  | (9) Violation of California Labor Code § 2802 (Unreimbursed Business Expenses);
27 |  | (10)    Violation of California Business & Professions Code §§ 17200, et seq. (Unlawful Business Practices); and
28 |  |

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(11)    Violation of California Business &
Professions Code §§ 17200, *et seq.* (Unfair
Business Practices)

**Jury Trial Demanded**

1    Plaintiffs Carlos Jimenez and Juan Pinzon, individually and on behalf of all other

2 members of the public similarly situated, allege as follows:

3                        **JURISDICTION AND VENUE**

4    1.    This class action is brought pursuant to California Code of Civil Procedure

5 section 382.  The monetary damages, penalties, and restitution sought by Plaintiffs exceed the

6 minimal jurisdiction limits of the Superior Court and will be established according to proof at

7 trial.  This Court has jurisdiction over this action pursuant to the California Constitution,

8 Article VI, section 10.  The statutes under which this action is brought do not specify any

9 other basis for jurisdiction.  Plaintiffs' share of damages, penalties, and other relief sought in

10 this action does not exceed $75,000.

11    2.    This Court has jurisdiction over Defendants because Defendants are either

12 citizens of California, have sufficient minimum contacts in California, or otherwise

13 intentionally avail themselves of the California market so as to render the exercise of

14 jurisdiction over them by the California courts consistent with traditional notions of fair play

15 and substantial justice.

16    3.    Venue is proper in this Court, because Defendants employ persons within the

17 County of Sacramento, and have violated the requirements of the California Labor Code and

18 applicable Industrial Welfare Commission ("IWC") Wage Order in this county which give rise

19 to the penalties sought in this action.  Cal. Code Civ. P. § 393.  Specifically, Defendants have

20 violated the requirements of the California Labor Code and applicable IWC Wage Order in at

21 least one location within the County of Sacramento, including Defendants' facility in

22 Sacramento (4350 Pell Drive, Suite 100, Sacramento, California 95838).  Pursuant to

23 California Civil Code of Procedure section 393, venue is proper for the recovery of a penalty

24 or forfeiture imposed by statute in the county in which the cause, or some part of the cause,

25 arose.  Because Defendants have employees in Sacramento County and Plaintiffs could bring

26 this action to recover penalties in Sacramento County, venue is proper.

27                            **THE PARTIES**

28    4.    Plaintiff Carlos Jimenez is a resident of San Bernardino, in San Bernardino

1   County, California.  Defendants employed Plaintiff Jimenez as an hourly paid, non-exempt

2   employee from approximately February 2019 to April 2022.  Plaintiff Jimenez worked as a

3   Driver at Defendants' location in Riverside, California.  During his employment, Plaintiff

4   Jimenez typically worked nine (9) to ten (10) hours per day and five (5) days per week.

5   Plaintiff Jimenez's primary job duties included, without limitation, loading trucks with

6   roofing materials, driving and delivering materials to residential and commercial sites, and

7   unloading materials at customers' premises.

8         5.      Plaintiff Juan Pinzon is a resident of Bloomington, in San Bernardino County,

9   California.  Defendants employed Plaintiff Pinzon as an hourly paid, non-exempt employee

10   from approximately February 2022 to September 2022.  Plaintiff Pinzon worked as a Loader

11   at Defendants' location in Riverside, California.  During his employment, Plaintiff Pinzon

12   typically worked eight (8) to twelve (12) hours per day and five (5) days per week.  Plaintiff

13   Pinzon's primary job duties included, without limitation, loading trucks with roofing

14   materials, accompanying drivers to the customers' premises, and unloading roofing materials

15   at customers' premises.

16         6.      ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY was and is, upon

17   information and belief, an Oregon corporation, and at all times hereinafter mentioned, an

18   employer whose employees are engaged throughout this county and the State of California.

19         7.      SRS DISTRIBUTION INC. was and is, upon information and belief, a

20   Delaware corporation, and at all times hereinafter mentioned, an employer whose employees

21   are engaged throughout this county and the State of California.

22         8.      J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC. was and

23   is, upon information and belief, a California corporation, and at all times hereinafter

24   mentioned, an employer whose employees are engaged throughout this county and the State of

25   California.

26         9.      BUILDERS SUPPLY LOGISTICS, INC. was and is, upon information and

27   belief, a Delaware corporation, and at all times hereinafter mentioned, an employer whose

28   employees are engaged throughout this county and the State of California.

CLASS ACTION COMPLAINT

10.     Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

11.     Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10 were the partners, agents, owners, or managers of ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.; and BUILDERS SUPPLY LOGISTICS, INC. at all relevant times.

12.     Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.; BUILDERS SUPPLY LOGISTICS, INC.; and/or DOES 1 through 10 (collectively, "Defendants" or "SRS"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

13.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

14.     Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

15.     Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over the wages, hours, working conditions, and employment status of Plaintiffs and class members.

1   Each Defendant had the power to hire and fire Plaintiffs and class members, supervised and

2   controlled their work schedule and/or conditions of employment, determined their rate of pay,

3   and maintained their employment records.  Defendants suffered or permitted Plaintiffs and

4   class members to work and/or "engaged" Plaintiffs and class members so as to create a

5   common-law employment relationship.  As joint employers of Plaintiffs and class members,

6   Defendants are jointly and severally liable for the civil penalties and all other relief available

7   to Plaintiffs and class members under the law.

8        16.    Plaintiffs are informed and believe, and thereon allege, that at all relevant

9   times, Defendants, and each of them, have acted as joint employers with respect to Plaintiffs

10  and class members because Defendants have:

11       (a)    jointly exercised meaningful control over the work performed by

12              Plaintiffs and class members;

13       (b)    jointly exercised meaningful control over Plaintiffs' and class members'

14              wages, hours, and working conditions, including the quantity, quality

15              standards, speed, scheduling, and operative details of the tasks

16              performed by Plaintiffs and class members;

17       (c)    jointly required that Plaintiffs and class members perform work which is

18              an integral part of Defendants' businesses; and

19       (d)    jointly exercised control over Plaintiffs and class members as a matter

20              of economic reality in that Plaintiffs and class members were dependent

21              on Defendants, who shared the power to set the wages of Plaintiffs and

22              class members and determined their working conditions, and who

23              jointly reaped the benefits from the underpayment of their wages and

24              noncompliance with other statutory provisions governing their

25              employment.

26       17.    Plaintiffs are informed and believe, and thereon allege, that at all relevant times

27  there has existed a unity of interest and ownership between Defendants such that any

28  individuality and separateness between the entities has ceased.

1    18.    ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY; SRS

2  DISTRIBUTION INC.; J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.;

3  BUILDERS SUPPLY LOGISTICS, INC.; and DOES 1 through 10 are therefore alter egos of

4  each other.

5    19.    Adherence to the fiction of the separate existence of Defendants would permit

6  an abuse of the corporate privilege, and would promote injustice by protecting Defendants

7  from liability for the wrongful acts committed by them under the name SRS.

8    20.    Plaintiffs further allege, upon information and belief, that Defendants

9  ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; J.

10  B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.; and BUILDERS SUPPLY

11  LOGISTICS, INC. are alter egos of each other for the following reasons:

12    (a)    On the California Secretary of State's website

13        (https://bizfileonline.sos.ca.gov), ROOFLINE, INC. dba ROOFLINE

14        SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; J. B.

15        WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.; and

16        BUILDERS SUPPLY LOGISTICS, INC. share the same principal

17        and/or mailing address, "7440 S STATE HWY 121, MCKINNEY, TX

18        75070";

19    (b)    According to the most recent "Statement of Information" forms filed

20        with the California Secretary of State, ROOFLINE, INC. dba

21        ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; J.

22        B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.; and

23        BUILDERS SUPPLY LOGISTICS, INC. share the same officers and/or

24        directors, including, but not limited to, Daniel R. Tinker and Dustin

25        Gunderson, who serve as Chief Executive Officer and Secretary,

26        respectively;

27    (c)    According to the most recent "Statement of Information" forms filed

28        with the California Secretary of State, ROOFLINE, INC. dba

ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; and BUILDERS SUPPLY LOGISTICS, INC. share the same Chief Financial Officer, R Scott Vansant;

(d) On the California Secretary of State's website, ROOFLINE, INC. DBA ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.; and BUILDERS SUPPLY LOGISTICS, INC. share the same agent for service of process, "CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE"; and

(e) On information and belief, ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY; SRS DISTRIBUTION INC.; J. B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC.; and BUILDERS SUPPLY LOGISTICS, INC utilize the same standardized employment forms and issue the same employment policies.

## GENERAL ALLEGATIONS

21.     Defendants are a distributor of roofing materials and building products in the United States.  Upon information and belief, Defendants maintain a single, centralized Human Resources ("HR") department at their company headquarters in McKinney, Texas, which is responsible for the recruiting and hiring of new employees, and communicating and implementing Defendants' company-wide policies, including timekeeping policies and meal and rest period policies, to employees throughout California.

22.     In particular, Plaintiffs and class members, on information and belief, received the same standardized documents and/or written policies.  Upon information and belief, the usage of standardized documents and/or written policies, including new-hire documents, indicate that Defendants dictated policies at the corporate level and implemented them company-wide, regardless of their employees' assigned locations or positions.  Upon information and belief, Defendants set forth uniform policies and procedures in several

1  documents provided at an employee's time of hire.

2        23.    Upon information and belief, Defendants maintain a centralized Payroll

3  department at their company headquarters in McKinney, Texas, which processes payroll for

4  all non-exempt, hourly paid employees working for Defendants at their various locations and

5  jobsites in California, including Plaintiffs and class members.  Based upon information and

6  belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid

7  employees in California, irrespective of their work locations.  Upon information and belief,

8  Defendants process payroll for departing employees in the same manner throughout the State

9  of California, regardless of the manner in which each employee's employment ends.

10        24.    Defendants continue to employ non-exempt or hourly paid employees in

11  California.

12        25.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

13  mentioned, Defendants were advised by skilled lawyers and other professionals, employees

14  and advisors knowledgeable about California labor and wage law, employment and personnel

15  practices, and about the requirements of California law.

16        26.    Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and class

17  members were not paid for all hours worked because all hours worked were not recorded.

18        27.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

19  should have known that Plaintiffs and class members were entitled to receive certain wages

20  for overtime compensation and that they were not receiving certain wages for overtime

21  compensation.

22        28.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

23  should have known that Plaintiffs and class members were entitled to be paid at a regular rate

24  of pay, and corresponding rates of pay for overtime wages and/or meal, rest, and recovery

25  period premiums, that included as eligible income all renumeration required by law, including

26  but not limited to, all income derived from incentive pay, nondiscretionary bonuses, and/or

27  other forms of compensation, but failed to include all forms of remuneration in calculating the

28  regular rate of pay for Plaintiffs and class members.

CLASS ACTION COMPLAINT

29.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for work that was required to be done off-the-clock.  In violation of the California Labor Code, Plaintiffs and class members were not paid at least minimum wages for work done off-the-clock.

30.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to meal periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiffs and class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

31.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to rest periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period.  In violation of the California Labor Code, Plaintiffs and class members were not authorized and permitted to take compliant rest periods, nor did Defendants provide Plaintiffs and class members with payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period.

32.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to recovery periods in accordance with the California Labor Code and applicable General Industry Safety Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided a compliant recovery period.  In violation of the California Labor Code, Plaintiffs

CLASS ACTION COMPLAINT

1   and class members were not provided compliant recovery periods, nor did Defendants provide

2   Plaintiffs and class members with payment of one (1) additional hour of pay at their regular

3   rates of pay when they were not provided a compliant recovery period.

4      33.   Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

5   should have known that Plaintiffs and class members were entitled to receive complete and

6   accurate wage statements in accordance with California law.  In violation of the California

7   Labor Code, Plaintiffs and class members were not provided complete and accurate wage

8   statements.

9      34.   Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

10  should have known that they had a duty to maintain accurate and complete payroll records in

11  accordance with the California Labor Code and applicable IWC Wage Order, but willfully,

12  knowingly, and intentionally failed to do so.

13     35.   Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

14  should have known that Plaintiffs and class members were entitled to timely payment of all

15  wages earned upon termination of employment.  In violation of the California Labor Code,

16  Plaintiffs and class members did not receive payment of all wages due, including, but not

17  limited to, overtime wages; minimum wages; meal, rest, and recovery period premiums;

18  and/or sick leave pay, within permissible time periods.

19     36.   Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

20  should have known that Plaintiffs and class members were entitled to timely payment of

21  wages during their employment.  In violation of the California Labor Code, Plaintiffs and

22  class members did not receive payment of all wages, including, but not limited to, overtime

23  wages; minimum wages; meal, rest, recovery period premiums; and/or sick leave pay, within

24  permissible time periods.

25     37.   Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

26  should have known that Plaintiffs and class members were entitled to receive sick leave

27  benefits to be paid at a regular rate of pay, that included, as eligible income, all income

28  derived from incentive pay, nondiscretionary bonuses, and/or other forms of compensation,

1  but failed to include all forms of remuneration in calculating the regular rate of pay for sick
2  leave pay.

3       38.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or
4  should have known that Plaintiffs and class members were entitled to receive full
5  reimbursement for all business-related expenses and costs they incurred during the course and
6  scope of their employment and that they did not receive full reimbursement of applicable
7  business-related expenses and costs incurred.

8       39.     Plaintiffs are informed and believe, and thereon allege, that at all times herein
9  mentioned, Defendants knew or should have known that Defendants had a duty to provide
10  Plaintiffs and class members with written notice of the material terms of their employment with
11  Defendants as required by the California Wage Theft Prevention Act, but failed to do so.

12       40.     Plaintiffs are informed and believe, and thereon allege, that at all times herein
13  mentioned, that Defendants knew or should have known that they had a duty to provide
14  Plaintiffs and class members with safety devices and safeguards to protect their life, health,
15  and safety in the workplace, but failed to do so.

16       41.     Plaintiffs are informed and believe, and thereon allege, that at all times herein
17  mentioned, Defendants knew or should have known that they had a duty to compensate
18  Plaintiffs and class members for all hours worked, and that Defendants had the financial
19  ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so,
20  and falsely represented to Plaintiffs and class members that they were properly denied wages,
21  all in order to increase Defendants' profits.

22                          **CLASS ACTION ALLEGATIONS**

23       42.     Plaintiffs bring this action on their own behalf, as well as on behalf of each and
24  all other persons similarly situated, and thus seek class certification under California Code of
25  Civil Procedure section 382.

26       43.     All claims alleged herein arise under California law for which Plaintiffs seek
27  relief authorized by California law.

28       44.     Plaintiffs' proposed class consists of and is defined as follows:

1        All persons who worked for Defendants as non-exempt, hourly
2        paid employees in California, at any time from June 29, 2021,
         until the date of trial ("Class").

3    45.   Plaintiffs' proposed subclass consists of and is defined as follows:

4        All persons who worked for Defendants as non-exempt, hourly
         paid employees in California and who received at least one wage
5        statement within one (1) year prior to the filing of the initial
         complaint until the date of trial ("Subclass").
6

7    46.   Members of the Class and Subclass are referred to herein as "class members."

8    47.   Plaintiffs reserve the right to redefine the Class and Subclass and to add

9    additional subclasses as appropriate based on further investigation, discovery, and specific

10   theories of liability.

11   48.   There are common questions of law and fact as to class members that

12   predominate over questions affecting only individual members, including, but not limited to:

13        (a)   Whether Defendants required Plaintiffs and class members to work over

14              eight (8) hours per day, over twelve (12) hours per day, or over forty

15              (40) hours per week and failed to pay all legally required overtime

16              compensation to Plaintiffs and class members;

17        (b)   Whether Defendants failed to include all forms of remuneration in the

18              "regular rate" of pay as required by law for purposes of paying overtime

19              wages and/or meal, rest, and recovery period premiums to Plaintiffs and

20              class members;

21        (c)   Whether Defendants failed to pay Plaintiffs and class members at least

22              minimum wages for all hours worked;

23        (d)   Whether Defendants failed to provide Plaintiffs and class members with

24              meal periods;

25        (e)   Whether Defendants failed to authorize and permit Plaintiffs and class

26              members to take rest periods;

27        (f)   Whether Defendants failed to provide Plaintiffs and class members with

28              recovery periods;

CLASS ACTION COMPLAINT

(g)    Whether Defendants provided Plaintiffs and class members with complete and accurate wage statements as required by California Labor Code section 226(a);

(h)    Whether Defendants maintained accurate payroll records as required by California Labor Code section 1174(d);

(i)    Whether Defendants failed to pay earned overtime wages; minimum wages meal, rest, and recovery period premiums; and/or sick leave pay due to Plaintiffs and class members upon their discharge;

(j)    Whether Defendants failed timely to pay overtime wages; minimum wages; meal, rest, and recovery period premiums; and/or sick leave pay due to Plaintiffs and class members during their employment;

(k)    Whether Defendants failed to properly calculate the "regular rate" of pay upon which Plaintiffs' and class members' sick leave rate of pay was based;

(l)    Whether Defendants failed to reimburse Plaintiffs and class members for necessary and required business-related expenditures and/or losses incurred by them in the scope of their employment;

(m)    Whether Defendants failed to provide written notice of information material to Plaintiffs' and class members' employment with Defendants;

(n)    Whether Defendants failed to provide Plaintiffs and class members with safety devices and safeguards, such as personal protective equipment;

(o)    Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(p)    The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

49.    There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

(a)  Numerosity:  The class members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)  Typicality:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all class members as demonstrated herein.

(c)  Adequacy:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)  Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e)  Public Policy Considerations:  Employers in the State of California

violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against all Defendants)**

50.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

51.     Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

52.     California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

53.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1 ½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

54.     The applicable IWC Wage Order further provides that Defendants are and were

1   required to pay Plaintiffs and class members working more than twelve (12) hours in a day,

2   overtime compensation at a rate of two (2) times their regular rate of pay.  An employee's

3   regular rate of pay includes all remuneration for employment paid to, or on behalf of, the

4   employee, including nondiscretionary bonuses and incentive pay.

5         55.    California Labor Code section 510 codifies the right to overtime compensation

6   at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8)

7   hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the

8   seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate

9   of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours

10   in a day on the seventh (7th) day of work.

11         56.    During the relevant time period, Defendants willfully failed to pay all overtime

12   wages owed to Plaintiffs and class members.  During the relevant time period, Plaintiffs and

13   class members were not paid overtime premiums for all of the hours they worked in excess of

14   eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40)

15   hours in a week, because all hours worked were not recorded.

16         57.    First, Defendants had, and continue to have, a company-wide policy and/or

17   practice of discouraging and impeding Plaintiffs and class members from recording hours

18   worked that were outside of their scheduled shifts in order to limit the amount of overtime

19   employees could accrue.  Because Defendants discouraged overtime accrual by, among other

20   things, altering and/or falsifying timesheets, Plaintiffs and class members were required to

21   complete assigned tasks outside of their scheduled shifts without being compensated for the

22   time they worked.

23         58.    For example, before nearly every shift Plaintiff Jimenez was required to

24   prepare his company vehicle for the day before Defendants permitted him to clock in for his

25   shift.  Further, at the end of each shift and per company policy, Plaintiff Jimenez was required

26   to inspect the company vehicle after he clocked out.  Plaintiff Pinzon similarly spent time

27   working before his shifts assisting with preparing the truck for the day.  Plaintiffs attempted to

28   record this time spent working, but, on information and belief, Defendants' management

1   would subsequently alter their timesheets and shave off time spent preparing the vehicle for

2   the day and/or inspecting the vehicle at the end of the shifts to avoid payment of additional

3   wages to Plaintiffs and class members.

4        59.   Second, Defendants had, and continue to have, a company-wide security policy

5   and/or practice of allowing only certain employees to carry keys to the Defendants' yard.

6   Specifically, only managerial employees and Drivers were issued keys to access the yard at

7   any given time.  In adherence with this policy, Plaintiff Jimenez and class members had to

8   wait for other employees to complete their duties before they could leave Defendants'

9   premises together, as employees without a key had no means of locking the gate.  For

10   example, Plaintiff Jimenez would often be the last Driver to leave the premises, causing him

11   to have to wait after clocking out until other employees had completed their tasks so he could

12   lock up the yard before leaving for the day.  Similarly, and in adherence with this policy,

13   Plaintiff Pinzon and class members had to wait for a managerial employee or a Driver to

14   arrive at Defendants' premises and unlock the gate in the mornings before they could clock in

15   for their shifts.  As a result, Plaintiffs and class members were subject to Defendants' control

16   before they had clocked in or after they had clocked out for their shifts, but were not

17   compensated for this time.

18        60.   Third, Defendants had, and continue to have, company-wide policies and/or

19   practices of understaffing and assigning heavy workloads, which resulted in a lack of meal

20   period coverage and prevented Plaintiffs and class members from taking all timely,

21   uninterrupted meal periods to which they were entitled.  Defendants also had a practice of

22   failing to schedule meal periods, which further caused Plaintiffs and class members to not be

23   relieved of their duties for compliant meal periods.  In conjunction with these policies and/or

24   practices, Defendants have, systematically, and on a company-wide basis, scheduled and

25   dispatched their employees to complete time-sensitive jobs, which included traveling to

26   various locations, unloading roofing materials, and communicating with customers, without

27   building in sufficient time to allow for 30-minute meal periods, which further prevented

28   Plaintiffs and class members from taking all timely, uninterrupted 30-minute meal periods,

CLASS ACTION COMPLAINT

1   and forced them to work off-the-clock during their meal periods to complete their assigned

2   routes.  Because there were too few employees assigned to job sites to handle the workload

3   and unload roofing materials, completing the jobs could take longer than the time Defendants

4   allotted for them, such that Plaintiffs and class members were unable to take compliant meal

5   periods.  In addition to varying job durations, travel time between job sites could take longer

6   than anticipated due to traffic conditions, which further impeded Plaintiffs and class members

7   from taking compliant meal periods.  And, upon information and belief, Defendants had no

8   mechanism in place to permit Plaintiffs and class members to take meal periods when the

9   schedule was thrown off because one or more of their jobs took longer than the scheduled

10  time, or if travel time between job sites was extended by traffic conditions.

11          61.     Furthermore, on information and belief, because Defendants frowned upon

12  employees accruing meal period penalties, Defendants' management pressured Plaintiffs and

13  class members to clock out for meal periods and/or adjusted their time records to reflect

14  compliant meal periods, regardless of whether they had received a compliant meal period or

15  not, in order to strictly limit the meal penalties that would need to be paid by Defendants.

16  Thus, Defendants did not record all hours worked during meal periods, and Plaintiffs and class

17  members performed work during meal periods for which they were not paid.

18          62.     Defendants knew or should have known that as a result of these company-wide

19  practices and/or policies, Plaintiffs and class members were performing their assigned duties

20  off-the-clock before and after their shifts and/or during meal periods, and were suffered or

21  permitted to perform work for which they were not paid.  Because Plaintiffs and class

22  members worked shifts of eight (8) hours or more a day, or forty (40) hours a week or more,

23  some of this off-the-clock work qualified for overtime premium pay.  Therefore, Plaintiffs and

24  class members were not paid overtime wages for all of the overtime hours they actually

25  worked.

26          63.     Moreover, in addition to an hourly wage, Defendants paid Plaintiffs and class

27  members incentive pay, nondiscretionary bonuses, and/or other forms of remuneration.

28  However, in violation of the California Labor Code, Defendants failed to incorporate all

1    compensation, including incentive pay, nondiscretionary bonuses, and/or other forms of

2    remuneration, into the calculation of the regular rate of pay for purposes of calculating the

3    overtime wage rate.  Therefore, during times when Plaintiffs and class members worked

4    overtime and received these other forms of pay, Defendants failed to pay all overtime wages

5    by paying a lower overtime rate than required.

6          64.      Defendants' failure to pay Plaintiffs and class members the balance of overtime

7    compensation as required by California law, violates the provisions of California Labor Code

8    sections 510 and 1198.  Pursuant to California Labor Code section 1194, Plaintiffs and class

9    members are entitled to recover from Defendants their unpaid overtime compensation, as well

10    as interest, costs, and attorneys' fees.

11                             **SECOND CAUSE OF ACTION**

12    **Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid**

13                                **Minimum Wages**

14                             **(Against all Defendants)**

15          65.      Plaintiffs incorporate by reference and re-allege as if fully stated herein each

16    and every allegation set forth above.

17          66.      At all relevant times, California Labor Code sections 1182.12, 1194, 1197,

18    1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the

19    minimum wage to be paid to employees, and the payment of a wage less than the minimum so

20    fixed is unlawful.  Compensable work time is defined in IWC Wage Order No. 7-2001 as "the

21    time during which an employee is subject to the control of an employer, and includes all the

22    time the employee is suffered or permitted to work, whether or not required to do so."  Cal.

23    Code. Regs. tit. 8, § 11070(2)(G) (defining "Hours Worked").

24          67.      As set forth above, due to Defendants' restrictions on overtime accrual,

25    Defendants systematically failed to pay Plaintiffs and class members for actual hours worked

26    before and after their scheduled shifts, because these hours were not accurately recorded.

27    Because Defendants discouraged and impeded Plaintiffs and class members from recording

28    hours worked that were outside of their scheduled shifts, Plaintiffs and class members were

required to perform work off-the-clock prior to the start of their shifts and/or after their shifts, including preparing the company vehicle for the day, inspecting the vehicle at the end of each day, waiting for other employees to complete their duties to lock the gate, and/or waiting for a managerial employee to arrive and unlock the gate in the morning.  As also stated, on information and belief, Defendants had, and continue to have, a company-wide policy of adjusting or shaving down Plaintiffs' and class members' hourly clock-in and clock-out times in their timekeeping system, further resulting in the failure to pay Plaintiffs and class members minimum wages for all hours actually worked.

68.      Further, as also stated above, due to Defendants' policies and/or practices of understaffing, assigning heavy workloads while allowing insufficient time to complete assigned jobs, and failing to schedule meal periods, Plaintiffs and class members were impeded from taking all uninterrupted meal periods to which they were entitled and were required to work off-the-clock during meal periods.  Moreover, as stated, in order to prevent employees from accruing meal period penalties, upon information and belief, Defendants' management pressured employees to clock out for meal periods and/or altered timesheets even when meal periods were missed, short, and/or interrupted.  Thus, Defendants systematically failed to pay Plaintiffs and class members for actual hours worked during unpaid meal periods because these hours were not always correctly recorded.

69.      Thus, Defendants did not pay minimum wages for all hours worked by Plaintiffs and class members.  To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

70.      Defendants' failure to pay Plaintiffs and class members minimum wages violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.  Pursuant to California Labor Code section 1194.2, Plaintiffs and class members are entitled to recover from Defendants liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**Violations of California Labor Code, §§ 226.7, 512(a), 516, and 1198—Meal Period**

**Violations**

**(Against all Defendants)**

71.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

72.     At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.  Under California law, first meal periods must start after no more than five hours.  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (2012).

73.     At all relevant times herein set forth, California Labor Code sections 226.7, 512(a), 516, and 1198 provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

74.     At all relevant times herein set forth, Labor Code sections 226.7 and 512(a), and the applicable IWC Wage Order also require employers to provide a second meal period of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

75.     First, during the relevant time period, as stated, Defendants had, and continue to have, a company-wide policy and/or practice of understaffing, assigning heavy workloads, and scheduling time-sensitive jobs while allowing insufficient time for the employees to actually complete the jobs, which resulted in a lack of meal period coverage and prevented Plaintiffs and class members from taking all timely, uninterrupted meal periods to which they

1   were entitled.  Further, Defendants' company-wide practice of failing to schedule meal periods

2   exacerbated the lack of meal period coverage and further caused Plaintiffs and class members

3   to not be relieved of their duties for compliant meal periods.

4        76.   As a result, Plaintiffs and class members would be forced to work in excess of

5   five (5) hours before taking a meal period and, at times, had to forgo their meal periods

6   altogether.  For example, because of Defendants' policy and/or practice of understaffing and

7   assigning heavy workloads, Plaintiffs sometimes had to forgo their meal periods; on the days

8   Plaintiffs were able to take their meal periods, they took their meal periods late, after the end

9   of their fifth hour of work.  Moreover, Plaintiffs' meal periods were occasionally cut short by

10   their supervisors asking them to return to work and continue making timely deliveries.

11        77.   Second, as set forth above, because Defendants frowned upon employees

12   accruing meal period penalties, Defendants' management pressured employees to clock out

13   for meal periods and/or altered timesheets to reflect compliant meal periods, regardless of

14   whether they had received a compliant meal period or not, in order to strictly limit the meal

15   penalties that would need to be paid by Defendants.

16        78.   Third, Defendants did not provide Plaintiffs and class members with second 30-

17   minute meal periods on days that they worked in excess of ten (10) hours in one day.  During

18   their employment, Plaintiffs worked shifts in excess of ten (10) or more hours per day but

19   were not provided a second 30-minute meal period.  Plaintiffs and class members did not sign

20   valid meal period waivers on days that they were entitled to meal periods and were not

21   relieved of all duties.

22        79.   At all times herein mentioned, Defendants knew or should have known that, as

23   a result of these policies, Plaintiffs and class members were prevented from being relieved of

24   all duties and required to perform some of their assigned duties during meal periods.

25   Defendants further knew or should have known that Defendants did not pay Plaintiffs and

26   class members meal period premiums when meal periods were late, interrupted, shortened,

27   and/or missed.

28        80.   Moreover, Defendants engaged in a company-wide practice and/or policy of

1  not paying all meal period premiums owed when compliant meal periods are not provided.

2  Because of this practice and/or policy, Plaintiffs and class members have not received

3  premium pay for missed, late, and interrupted meal periods.  Alternatively, to the extent that

4  Defendants did pay Plaintiffs and class members premium pay for missed, late, and

5  interrupted meal periods, Defendants did not pay Plaintiffs and class members at the correct

6  rate of pay for premiums because Defendants systematically failed to include all forms of

7  compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of

8  remuneration, in the regular rate of pay.  As a result, Defendants failed to provide Plaintiffs

9  and class members compliant meal periods in violation of California Labor Code sections

10  226.7, 512(a), and 516 and failed to pay the full meal period premiums due.

11        81.    Defendants' conduct violates the applicable IWC Wage Order, and California

12  Labor Code sections 226.7, 512(a), 516, and 1198.  Plaintiffs and class members are therefore

13  entitled to recover from Defendants one (1) additional hour of pay at the employee's regular

14  rate of compensation for each work day that the meal period was not provided.

15  **FOURTH CAUSE OF ACTION**

16  **Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations**

17  **(Against all Defendants)**

18        82.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

19  and every allegation set forth above.

20        83.    At all relevant times herein set forth, the applicable IWC Wage Order and

21  California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiffs' and class

22  members' employment by Defendants.

23        84.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

24  employer shall authorize and permit all employees to take rest periods, which insofar as

25  practicable shall be in the middle of each work period" and that the "rest period time shall be

26  based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

27  hours or major fraction thereof" unless the total daily work time is less than three and one-half

28  (3 ½) hours.

85.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.  To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties—including the obligation that an employee remain on call.  A rest period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 273 (2016).  Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiffs and class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not authorized and permitted.

86.     During the relevant time period, Defendants regularly failed to authorize and permit Plaintiffs and class members to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.  As with meal periods, Defendants' company-wide practices, including understaffing, assigning heavy workloads, and scheduling time-sensitive jobs, prevented Plaintiffs and class members from being relieved of all duty to take rest periods.  Additionally, Defendants failed to schedule rest periods, which further led to Plaintiffs and class members not being authorized and permitted to take rest periods.

87.     Furthermore, on information and belief, Defendants maintained and implemented a company-wide on-premises rest period policy, which effectively required that Plaintiffs and/or class members remain on the premises during their rest periods.  Because Plaintiffs and/or class members were restricted from leaving Defendants' premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes, such as completing personal errands.  Thus, Defendants effectively maintained control over Plaintiffs and class members during rest periods.

88.     As a result of Defendants' practices and policies, Plaintiffs and class members worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without receiving all uninterrupted 10-minute rest periods to which they were entitled.  For example,

1    Plaintiffs had to forego their rest periods because of the heavy workload and Defendants'

2    failure to schedule rest periods for employees.

3          89.    Defendants have also engaged in a company-wide practice and/or policy of not

4    paying all rest period premiums owed when compliant rest periods are not authorized and

5    permitted.  Because of this practice and/or policy, Plaintiffs and class members have not

6    received premium pay for all missed rest periods.  Alternatively, to the extent that Defendants

7    did pay Plaintiffs and class members one (1) additional hour of premium pay for missed rest

8    periods, Defendants did not pay Plaintiffs and class members at the correct rate of pay for

9    premiums because Defendants failed to include all forms of compensation, such as incentive

10   pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay.

11   As a result, Defendants denied Plaintiffs and class members rest periods and failed to pay

12   them rest period premiums due, in violation of Labor Code sections 226.7 and 516, and the

13   applicable IWC Wage Order.

14         90.    Defendants' conduct violates the applicable IWC Wage Order and California

15   Labor Code sections 226.7, 516, and 1198.  Plaintiffs and class members are therefore entitled

16   to recover from Defendants one (1) additional hour of pay at the employee's regular rate of

17   compensation for each work day that a compliant rest period was not authorized and

18   permitted.

19                          **FIFTH CAUSE OF ACTION**

20   **Violation of California Labor Code §§ 226.7, 516, and 1198 & California Code of**

21        **Regulations Title 8, Section 3395—Heat Recovery Period Violations**

22                             **(Against all Defendants)**

23         91.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

24   and every allegation set forth above.

25         92.    At all relevant times herein set forth, the applicable General Industry Safety

26   Order and California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiffs'

27   and class members' employment by Defendants.

28         93.    At all relevant times, California Labor Code section 226.7(a) defines "recovery

1  period" to mean a cooldown period afforded an employee to prevent heat illness.  California

2  Labor Code section 226.7 provides that no employer shall require an employee to work during

3  any recovery period mandated by an applicable order of the California IWC, the Occupational

4  Safety and Health Standards Board, or the Division of Occupational Safety and Health.  The

5  applicable General Industry Safety Order provides that "[w]hen the outdoor temperature in the

6  work area exceeds 80 degrees Fahrenheit, the employer shall have and maintain one or more

7  areas with shade at all times while employees are present that are either open to the air or

8  provided with ventilation or cooling."  Cal. Code of Reg., Title 8, § 3395(d)(1).  Furthermore,

9  "[t]he amount of shade present shall be at least enough to accommodate the number of

10  employees on recovery or rest periods, so that they can sit in a normal posture fully in the

11  shade without having to be in physical contact with each other."  *Id.*  "Employees shall be

12  allowed and encouraged to take a preventative cool-down rest in the shade when they feel the

13  need to do so to protect themselves from overheating.  Such access to shade shall be permitted

14  at all times."  *Id.*

15      94.     During the relevant time period, Defendants violated California Labor Code

16  section 226.7 and California Code of Regulations, Title 8, section 3395(d), because

17  Defendants failed to provide Plaintiffs and class members with recovery periods.  For

18  example, Plaintiffs were not provided shaded areas for recovery while working even though

19  the majority of their work was performed outside and under the sun.

20      95.     Defendants also engaged in a company-wide practice and/or policy of not

21  paying recovery period premiums owed when compliant recovery periods were not provided.

22  Because of this practice and/or policy, Plaintiffs and class members have not received

23  premium pay for all missed recovery periods.  Alternatively, to the extent that Defendants did

24  pay Plaintiffs and class members one (1) additional hour of premium pay for missed recovery

25  periods, Defendants did not pay Plaintiffs and class members at the correct rate of pay for

26  premiums because Defendants failed to include all forms of compensation, such as incentive

27  pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay.

28  As a result, Defendants denied Plaintiffs and class members recovery periods and failed to pay

1  them recovery period premiums due, in violation of California Labor Code section 226.7 and

2  the applicable General Industry Safety Order.

3     96. Defendants' conduct violates the applicable General Industry Safety Order and

4  California Labor Code sections 226.7, 516, and 1198.  Plaintiffs and class members are

5  therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's

6  regular rate of compensation for each work day that a compliant recovery period was not

7  provided.

8  **SIXTH CAUSE OF ACTION**

9  **Violation of California Labor Code §§ 226(a), 1174(d), and 1198—Non-Compliant Wage**

10  **Statements and Failure to Maintain Accurate Payroll Records**

11  **(Against all Defendants)**

12     97. Plaintiffs incorporate by reference and re-allege as if fully stated herein each

13  and every allegation set forth above.

14     98. At all relevant times herein set forth, California Labor Code section 226(a)

15  provides that every employer shall furnish each of his or her employees an accurate and

16  complete itemized wage statement in writing, including, but not limited to, the name and

17  address of the legal entity that is the employer, the inclusive dates of the pay period, total

18  hours worked, and all applicable rates of pay.

19     99. At all relevant times, Defendants have knowingly and intentionally provided

20  Plaintiffs and Subclass members with uniform, incomplete, and inaccurate wage statements.

21  For example, Defendants issued uniform wage statements to Plaintiffs and Subclass members

22  that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all

23  applicable hourly rates in effect during the pay period, including rates of pay for overtime

24  wages; meal, rest, and recovery period premiums; and/or paid sick leave, and the

25  corresponding number of hours worked at each hourly rate.  Specifically, Defendants violated

26  sections 226(a)(1), 226(a)(2), 226(a)(5), and 226(a)(9).

27     100. Because Defendants did not record the time Plaintiffs and Subclass members

28  spent working off the clock and deducted time from their records for meal periods that were

interrupted and/or missed (and therefore time for which they should have been paid),

Defendants did not list the correct amount of gross wages and net wages earned by Plaintiffs

and Subclass members in compliance with sections 226(a)(1) and 226(a)(5).  For the same

reason, Defendants failed to accurately list the total number of hours worked by Plaintiffs and

Subclass members, in violation of section 226(a)(2), and failed to list the applicable hourly

rates of pay in effect during the pay period and the corresponding accurate number of hours

worked at each hourly rate, in violation of section 226(a)(9).

101.   Additionally, because Defendants did not calculate Plaintiffs' and Subclass

members' regular rate of pay correctly for purposes of paying overtime wages; meal, rest,

recovery period premiums; and/or paid sick leave, Defendants did not list the correct amount

of gross wages in compliance with section 226(a)(1).  For the same reason, Defendants failed

to list the correct amount of net wages in violation of section 226(a)(5).  Defendants also

failed to correctly list all applicable hourly rates in effect during the pay period, namely,

correct rates of pay for overtime wages and/or meal, rest, and recovery premiums, in violation

of section 226(a)(9).

102.   The wage statement deficiencies also include, among other things, failing to list

the number of piece-rate units earned and any applicable piece rate if the employee is paid on

a piece-rate basis; failing to list all deductions; failing to list the inclusive dates of the period

for which employees were paid; failing to list the name of the employee and only the last four

digits of his or her social security number or an employee identification number other than a

social security number; failing to list the name and address of the legal entity that is the

employer; and/or failing to state all hours worked as a result of not recording or stating the

hours they worked off-the-clock.

103.   California Labor Code section 1174(d) provides that "[e]very person employing

labor in this state shall . . . [k]eep a record showing the names and addresses of all employees

employed and the ages of all minors" and "[k]eep, at a central location in the state or at the

plants or establishments at which employees are employed, payroll records showing the hours

worked daily by and the wages paid to, and the number of piece-rate units earned by and any

1   applicable piece rate paid to, employees employed at the respective plants or

2   establishments. . . ."  At all relevant times, and in violation of Labor Code section 1174(d),

3   Defendants willfully failed to maintain accurate payroll records for Plaintiffs and Subclass

4   members showing the daily hours they worked and the wages paid thereto as a result of failing

5   to record the off-the-clock hours that they worked.

6       104.    California Labor Code section 1198 provides that the maximum hours of work

7   and the standard conditions of labor shall be those fixed by the Labor Commissioner and as

8   set forth in the applicable IWC Wage Order.  Section 1198 further provides that "[t]he

9   employment of any employees for longer hours than those fixed by the order or under

10  conditions of labor prohibited by the order is unlawful."  Pursuant to the applicable IWC

11  Wage Order, employers are required to keep accurate time records showing when the

12  employee begins and ends each work period and meal period.  During the relevant time

13  period, Defendants engaged in company-wide practices and/or policies of failing to record

14  actual hours worked (including falsifying time records by recording that compliant meal

15  periods were taken regardless of if or when meal periods were actually taken), and thereby

16  failed, on a company-wide basis, to keep accurate records of work period and meal period

17  start and stop times for Plaintiffs and Subclass members, in violation of section 1198.  Also, in

18  light of Defendants' failure to provide Plaintiffs and Subclass members with second 30-

19  minute meal periods to which they were entitled, Defendants kept no records of meal start and

20  end times for second meal periods.

21      105.    Plaintiffs and Subclass members are entitled to recover from Defendants the

22  greater of their actual damages caused by Defendants' failure to comply with California Labor

23  Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

24  employee.

25  //

26  //

27  //

28  //

CLASS ACTION COMPLAINT

## SEVENTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202—Wages Not Timely Paid Upon Termination

### (Against all Defendants)

106.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

107.    At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

108.    On information and belief, Defendants have a company-wide practice or policy of not paying departing employees their final wages until they return all of their uniform items, instead of adhering to the time requirements set forth in Labor Code sections 201 and 202.  For example, Plaintiff Pinzon was terminated; however, he did not receive his final pay until the following day when he reported to Defendants' office to return his uniforms.  Thus, Defendants failed to pay Plaintiff Pinzon his final wages immediately, in violation of California Labor Code section 201.

109.    In addition, Defendants willfully failed to pay Plaintiffs and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages; minimum wages; meal, rest, and recovery period premiums; and/or sick leave pay, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

110.    Defendants' failure to pay Plaintiffs and class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201

and 202. Plaintiffs and class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**EIGHTH CAUSE OF ACTION**

**Violation of California Labor Code § 204—Failure to Timely Pay Wages During Employment**

**(Against all Defendants)**

111.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

112.    This cause of action is dependent upon, and wholly derivative of, the overtime wages; minimum wages; meal, rest, and recovery period premiums; and/or sick leave pay that were not timely paid to Plaintiffs and class members during their employment.

113.    At all times relevant herein set forth, Labor Code section 204 provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.

114.    At all times relevant herein, Labor Code section 204 provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

115.    At all times relevant herein, Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Alternatively, at all times relevant herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

116.    During the relevant time period, Defendants willfully failed to pay Plaintiffs and class members all wages due including, but not limited to, overtime wages; minimum wages; meal, rest, and recovery period premiums; and/or sick leave pay within the time periods specified by California Labor Code section 204.

117.    Defendants' failure to pay Plaintiffs and class members all wages due violates Labor Code section 204.  Plaintiffs and class members are therefore entitled to recover from Defendants the statutory penalty wages pursuant to California Labor Code section 210.

**NINTH CAUSE OF ACTION**

**Violation of California Labor Code § 2802—Unpaid Business-Related Expenses**

**(Against all Defendants)**

118.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

119.    At all times herein set forth, California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures and losses incurred by the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014).  The applicable wage order, IWC Wage Order No. 7-2001, provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

120.    First, during the relevant time period, Plaintiffs and class members were required to use their personal mobile devices, including, but not limited to, cellular phones, and/or mobile data to carry out their job duties, but Defendants failed to reimburse them for the costs of their work-related mobile device expenses.  For example, Plaintiffs were required to use their personal cellular phones to converse with their supervisors and dispatch about

CLASS ACTION COMPLAINT

1    work-related matters.  Further, Plaintiffs were required to download a "Workday" mobile

2    application on their personal mobile devices which they used to clock in and out for their meal

3    periods and to view their paystubs and schedule.  Additionally, Plaintiff Jimenez was required

4    to use his personal mobile device to take photos of the materials once a delivery was complete

5    as proof of proper delivery and handling.  Although Defendants required Plaintiffs and class

6    members to utilize their personal mobile devices and/or mobile data to carry out their work-

7    related responsibilities, Defendants failed to reimburse them for these costs.

8            121.     Second, during the relevant time period, Defendants, on a company-wide basis,

9    required that Plaintiff Jimenez and class members utilize their own personal vehicles to carry

10    out company business, but failed to reimburse them for all costs of travel, including mileage.

11    For example, Defendants requested that Plaintiff Jimenez drive his own personal vehicle to

12    make small nearby deliveries to avoid additional wear and tear on the company vehicles.

13    Additionally, during the relevant time period, Defendants had a company-wide policy and/or

14    practice of requiring employees to travel in their own personal vehicles to designated medical

15    facilities to undergo random mandatory drug testing, but did not reimburse them for their

16    travel expenses, including mileage.  At all times, Defendants were in control of scheduling the

17    date and time for the drug testing, selecting the provider or facility where the drug tests were

18    to take place, and determining the scope of the drug testing.  For example, Plaintiff Jimenez

19    drove his personal vehicle to undergo a mandatory drug test per Defendants' instructions, but

20    was not reimbursed for his mileage to and from the medical facility.  Although Defendants

21    required Plaintiff Jimenez and class members to use their own personal vehicles to complete

22    their work-related duties, Defendants did not reimburse them for their travel expenses.

23            122.     Third, during the relevant time period, Defendants required Plaintiffs and class

24    members to purchase tools, supplies and safety equipment necessary for the performance of

25    their duties, but failed to reimburse them for their out-of-pocket costs.  For example, Plaintiff

26    Jimenez was required to purchase a flashlight which he needed to perform company vehicle

27    inspections.  In addition, Plaintiffs and class members were required to purchase special safety

28    shoes, such as steel-toed boots, which they were required to wear while at work, but they were

CLASS ACTION COMPLAINT

1  not reimbursed for these costs.  Although Defendants required Plaintiffs and class members to

2  purchase tools, supplies and safety equipment to carry out their work-related responsibilities,

3  Defendants failed to reimburse them for their out-of-pocket costs.

4    123.    Defendants could have provided Plaintiffs and class members with the actual

5  equipment for use on the job, such as company mobile devices; company vehicles; and/or

6  tools, supplies and safety equipment.  Or, Defendants could have reimbursed employees for

7  the costs of their mobile device usage; travel expenses; mileage; and/or tool, supply, and

8  safety equipment purchases.  Instead, Defendants passed these operating costs off onto

9  Plaintiffs and class members.

10    124.    Defendants' company-wide policy and/or practice of passing on their operating

11  costs to Plaintiffs and class members violates California Labor Code section 2802.  Defendants

12  have intentionally and willfully failed to reimburse Plaintiffs and class members for necessary

13  business-related expenses and costs.

14    125.    Plaintiffs and class members are entitled to recover from Defendants their

15  business-related expenses incurred during the course and scope of their employment, plus

16  interest.

17  ### TENTH CAUSE OF ACTION

18  **Violation of California Business & Professions Code §§ 17200, *et seq.* –**

19  **Unlawful Business Practices**

20  **(Against all Defendants)**

21    126.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

22  and every allegation set forth above.

23    127.    Defendants are "persons" as defined by California Business & Professions

24  Code section 17201, as they are corporations, firms, partnerships, joint stock companies,

25  and/or associations.

26    128.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

27  unlawful and harmful to Plaintiffs, class members, and to the general public.  Plaintiffs have

28  suffered injury in fact and have lost money as a result of Defendants' unlawful business

1  practices.  Plaintiffs seek to enforce important rights affecting the public interest within the

2  meaning of Code of Civil Procedure section 1021.5.

3      129.    Defendants' activities, as alleged herein, are violations of California law, and

4  constitute unlawful business acts and practices in violation of California Business &

5  Professions Code sections 17200, *et seq*.

6      130.    A violation of California Business & Professions Code sections 17200, *et seq.*

7  may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

8  policies and practices have violated state law in at least the following respects:

9      (a)    Requiring non-exempt, hourly paid employees, including Plaintiffs and

10            class members, to work overtime without paying them proper

11            compensation in violation of California Labor Code sections 510 and

12            1198 and the applicable IWC Wage Order, as alleged herein;

13     (b)    Failing to include all forms of remuneration in the "regular rate" of pay

14            as required by law for purposes of paying overtime wages and/or meal,

15            rest, and recovery period premiums to Plaintiffs and class members, in

16            violation of California Labor Code sections 226.7, 510, and 1198, and

17            the applicable IWC Wage Order, as alleged herein;

18     (c)    Failing to pay at least minimum wage to Plaintiffs and class members in

19            violation of California Labor Code sections 1182.12, 1194, 1197,

20            1197.1, and 1198, and the applicable IWC Wage Order, as alleged

21            herein;

22     (d)    Failing to provide uninterrupted meal periods to Plaintiffs and class

23            members in violation of California Labor Code sections 226.7, 512(a),

24            516, and 1198, and the applicable IWC Wage Order, as alleged herein;

25     (e)    Failing to authorize and permit Plaintiffs and class members to take

26            uninterrupted rest periods in violation of California Labor Code sections

27            226.7, 516, and 1198, and the applicable IWC Wage Order, as alleged

28            herein;

CLASS ACTION COMPLAINT

(f)    Failing to provide recovery periods to Plaintiffs and class members in violation of California Labor Code sections 226.7, 516, and 1198, Calif. Code of Reg. Title 8 section 3395, and the applicable General Industry Safety Order, as alleged herein;

(g)    Failing to provide Plaintiffs and class members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), 1174(d), and 1198, and the applicable IWC Wage Order, as alleged herein;

(h)    Failing timely to pay all earned wages to Plaintiffs and class members in violation of California Labor Code section 204, as alleged herein;

(i)    Failing to properly calculate the sick leave paid to Plaintiffs and class members in violation of Labor Code section 246(l), as set forth below;

(j)    Failing to reimburse Plaintiffs and class members for all business expenses necessarily incurred in violation of California Labor Code section 2802, as alleged herein;

(k)    Failing to provide written notice of information material to Plaintiffs' and class members' employment with Defendants in violation of California Labor Code section 2810.5(a)(1)(A)-(C), as set forth below; and

(l)    Failing to provide Plaintiffs and class members with safety devices and safeguards, such as personal protective equipment, in violation of California Labor Code sections 6401 and 6403 as set forth below.

131.    At all relevant times herein, California Labor Code sections 245.5, 246, 246.5, 247, 247.5, 248.5, and 249 provide employees who have worked in California for 30 or more days from the commencement of employment with paid sick days, to be accrued at least one hour for every 30 hours worked. Pursuant to California Labor Code section 246(b)(4), employers must provide no less than 24 hours or three (3) days of paid sick leave (or equivalent paid leave or paid time off) in each year of the employee's employment. Further, Labor Code section 246(l) provides that an employer shall calculate paid sick leave by using

1    one of two calculations: 1) "[p]aid sick time for nonexempt employees shall be calculated in

2    the same manner as the regular rate of pay for the workweek in which the employee uses paid

3    sick time, whether or not the employee actually works overtime in that workweek[;]" or 2)

4    "[p]aid sick time for nonexempt employees shall be calculated by dividing the employee's

5    total wages, not including overtime premium pay, by the employee's total hours worked in the

6    full pay periods of the prior 90 days of employment."

7        132.    During the relevant time period, on information and belief, Defendants did not

8    pay Plaintiffs and class members the correct sick leave rates of pay.  In addition to an hourly

9    wage, Defendants paid Plaintiffs and class members incentive pay, nondiscretionary bonuses,

10    and/or other forms of remuneration.  However, in violation of the California Labor Code,

11    Defendants failed to incorporate all remunerations, including incentive pay and/or

12    nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of

13    calculating the sick leave rate.  Therefore, during times when Plaintiffs and class members

14    took sick leave and received these other forms of pay, Defendants failed to pay all sick leave

15    benefits by paying a lower sick leave rate than required.  Specifically, Defendants paid

16    Plaintiffs and class members sick leave based on their hourly rate of pay instead of their

17    regular rate of pay.

18        133.    Defendants' failure to properly calculate the sick leave rates of pay based on all

19    remuneration paid has resulted in an underpayment of sick leave benefits to Plaintiffs and

20    class members on a company-wide basis in violation of Labor Code 246(l).

21        134.    At all relevant times herein, California's Wage Theft Prevention Act was

22    enacted to ensure that employers provide employees with basic information material to their

23    employment relationship at the time of hiring, and to ensure that employees are given written

24    and timely notice of any changes to basic information material to their employment.  Codified

25    at California Labor Code section 2810.5, the Wage Theft Prevention Act provides that at the

26    time of hiring, an employer must provide written notice to employees containing basic and

27    material payroll information, including, among other things, the rate(s) of pay and basis

28    thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise,

1  including any rates for overtime, the regular payday designated by the employer, and any

2  allowances claims as part of the minimum wage, including meal or lodging allowances.  Labor

3  Code § 2810.5(a)(1)(A)-(C).

4        135.   At all relevant times, on information and belief, Defendants failed, on a

5  company-wide basis, to provide written notice to Plaintiffs and class members that lists the

6  requisite information set forth in Labor Code section 2810.5(a)(1)(A)-(C).  Defendants' failure

7  to provide Plaintiffs and class members with written notice of basic information regarding

8  their employment with Defendants is in violation of California Labor Code section 2810.5.

9        136.   At all relevant times herein, California Labor Code section 6401 provides that

10  employers must furnish and use safety devices and safeguards, and adopt and use practices,

11  means, methods, operations, and processes which are reasonably adequate to render the

12  employment and place of employment safe and healthy.  California Labor Code Section 6401

13  further provides that an employer must do everything reasonably necessary to protect the life,

14  safety, and health of their employees.  California Labor Code section 6403(a) requires that

15  employers provide and use safety devices and safeguards reasonably adequate to render the

16  employment and place of employment safe.

17        137.   During the relevant period, as stated above, Defendants failed to provide

18  Plaintiffs and class members with personal protective equipment, such as steel-toed boots, to

19  keep them safe in the workplace.  Despite the fact that Defendants required Plaintiffs and class

20  members to wear certain personal protective equipment, including steel-toed boots, while

21  engaged in their work-related duties, Defendants failed to provide such reasonably necessary

22  equipment to Plaintiffs and class members to keep them safe.  Thus, Defendants' failure to

23  provide Plaintiffs and class members with safety devices and safeguards for the workplace

24  violates Labor Code sections 6401 and 6403.

25        138.   As a result of the violations of California law herein described, Defendants

26  unlawfully gained an unfair advantage over other businesses.  Plaintiffs and class members

27  have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged

28  herein.

CLASS ACTION COMPLAINT

139.    Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiffs and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

**ELEVENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unfair Business Practices**

**(Against all Defendants)**

140.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

141.    Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

142.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiffs, class members, and to the general public.  Plaintiffs have suffered injury in fact and has lost money as a result of Defendants' unfair business practices. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

143.    Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiffs and class members meal, rest, recovery period premiums due to them under Labor Code section 226.7, deprived Plaintiffs and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7.  The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct." *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits of section 226.7 were guaranteed to Plaintiffs and class members as part of their employment with Defendants,

and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.* (*Id.*)

144. A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice. In the instant case, Defendants' policies and practices have violated the spirit of California's meal and rest period laws and constitute acts against the public policy behind these laws.

145. Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiffs and class members are entitled to restitution for the class-wide loss of the statutory benefits implemented by section 226.7 withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all statutory benefits implemented by section 226.7 due to Plaintiffs and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1. For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs. Plaintiffs reserve the right to amend their prayer for relief to seek a different amount.

### Class Certification

2. That this case be certified as a class action;

3. That Plaintiffs be appointed as the representatives of the Class and Subclass;

4. That counsel for Plaintiffs be appointed as class counsel.

### As to the First Cause of Action

5. That the Court declare, adjudge, and decree that Defendants violated California

1    Labor Code sections 510 and 1198, and the applicable IWC Wage Order by willfully failing to
2    pay all overtime wages due to Plaintiffs and class members;

3         6.      For general unpaid wages at overtime wage rates and such general and special
4    damages as may be appropriate;

5         7.      For pre-judgment interest on any unpaid overtime compensation commencing
6    from the date such amounts were due, or as otherwise provided by law;

7         8.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to
8    California Labor Code section 1194(a); and

9         9.      For such other and further relief as the Court may deem equitable and
10   appropriate.

11                        **As to the Second Cause of Action**

12        10.     That the Court declare, adjudge and decree that Defendants violated California
13   Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage
14   Order by willfully failing to pay minimum wages to Plaintiffs and class members;

15        11.     For general unpaid wages and such general and special damages as may be
16   appropriate;

17        12.     For pre-judgment interest on any unpaid compensation from the date such
18   amounts were due, or as otherwise provided by law;

19        13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to
20   California Labor Code section 1194(a);

21        14.     For liquidated damages pursuant to California Labor Code section 1194.2; and

22        15.     For such other and further relief as the Court may deem equitable and
23   appropriate.

24                        **As to the Third Cause of Action**

25        16.     That the Court declare, adjudge, and decree that Defendants violated California
26   Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order by
27   willfully failing to provide all meal periods to Plaintiffs and class members;

28        17.     That the Court make an award to the Plaintiffs and class members of one (1)

1   hour of pay at each employee's regular rate of pay for each workday that a meal period was

2   not provided;

3       18.     For all actual, consequential, and incidental losses and damages, according to

4   proof;

5       19.     For premiums pursuant to California Labor Code section 226.7(c);

6       20.     For pre-judgment interest on any unpaid meal period premiums from the date

7   such amounts were due, or as otherwise provided by law;

8       21.     For attorneys' fees pursuant to California Code of Civil Procedure section

9   1021.5, or as otherwise provided by law; and

10      22.     For such other and further relief as the Court may deem equitable and

11  appropriate.

12                          **As to the Fourth Cause of Action**

13      23.     That the Court declare, adjudge and decree that Defendants violated California

14  Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order by willfully

15  failing to authorize and permit Plaintiffs and class members to take all rest periods;

16      24.     That the Court make an award to the Plaintiffs and class members of one (l)

17  hour of pay at each employee's regular rate of pay for each workday that a rest period was not

18  authorized and permitted;

19      25.     For all actual, consequential, and incidental losses and damages, according to

20  proof;

21      26.     For premiums pursuant to California Labor Code section 226.7(c);

22      27.     For pre-judgment interest on any unpaid rest period premiums from the date

23  such amounts were due, or as otherwise provided by law;

24      28.     For attorneys' fees pursuant to California Code of Civil Procedure section

25  1021.5, or as otherwise provided by law; and

26      29.     For such other and further relief as the Court may deem equitable and

27  appropriate.

28  //

CLASS ACTION COMPLAINT

**As to the Fifth Cause of Action**

30.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7, 516, and 1198 and the applicable General Industry Safety Order by willfully failing to provide all recovery periods to Plaintiffs and class members;

31.     That the Court make an award to the Plaintiffs and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a recovery period was not provided;

32.     For all actual, consequential, and incidental losses and damages, according to proof;

33.     For premiums pursuant to California Labor Code section 226.7(c);

34.     For pre-judgment interest on any unpaid recovery period premiums from the date such amounts were due, or as otherwise provided by law;

35.     For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

36.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

37.     That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and the applicable IWC Wage Order as to Plaintiffs and Subclass members, and willfully failed to provide accurate itemized wage statements thereto;

38.     For all actual, consequential, and incidental losses and damages, according to proof;

39.     For injunctive relief pursuant to California Labor Code section 226(h);

40.     For statutory penalties pursuant to California Labor Code section 226(e);

41.     For attorneys' fees and costs pursuant to California Labor Code section 226(e)(1); and

42.     For such other and further relief as the Court may deem equitable and

CLASS ACTION COMPLAINT

1   appropriate.

2                  **As to the Seventh Cause of Action**

3        43.    That the Court declare, adjudge and decree that Defendants violated California

4   Labor Code sections 201 and 202 by willfully failing to pay overtime wages; minimum wages;

5   meal, rest, and recovery period premiums; and/or sick leave pay owed at the time of

6   termination of the employment of Plaintiffs and other terminated class members;

7        44.    For all actual, consequential and incidental losses and damages, according to

8   proof;

9        45.    For waiting time penalties according to proof pursuant to California Labor

10   Code section 203 for all employees who have left Defendants' employ;

11        46.    For pre-judgment interest on any unpaid wages from the date such amounts

12   were due, or as otherwise provided by law;

13        47.    For attorneys' fees pursuant to California Code of Civil Procedure section

14   1021.5, or as otherwise provided by law; and

15        48.    For such other and further relief as the Court may deem equitable and

16   appropriate.

17                  **As to the Eighth Cause of Action**

18        49.    That the Court declare, adjudge and decree that Defendants violated California

19   Labor Code section 204 by willfully failing to timely pay Plaintiffs and class members

20   overtime wages; minimum wages; meal, rest, and recovery period premiums; and/or sick leave

21   pay during their employment;

22        50.    For all actual, consequential and incidental losses and damages, according to

23   proof;

24        51.    For statutory penalties according to proof pursuant to California Labor Code

25   section 210;

26        52.    For pre-judgment interest on any unpaid wages from the date such amounts

27   were due, or as otherwise provided by law;

28        53.    For attorneys' fees pursuant to California Code of Civil Procedure section

CLASS ACTION COMPLAINT

1  1021.5, or as otherwise provided by law; and

2      54.    For such other and further relief as the Court may deem equitable and

3  appropriate.

**As to the Ninth Cause of Action**

5      55.    That the Court declare, adjudge and decree that Defendants violated California

6  Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-

7  related expenses and costs incurred by Plaintiffs and class members;

8      56.    For unpaid business-related expenses and such general and special damages as

9  may be appropriate;

10      57.    For pre-judgment interest on any unpaid business-related expenses from the

11  date such amounts were due, or as otherwise provided by law;

12      58.    For all actual, consequential, and incidental losses and damages, according to

13  proof;

14      59.    For attorneys' fees and costs pursuant to California Labor Code section

15  2802(c), or as otherwise provided by law; and

16      60.    For such other and further relief as the Court may deem equitable and

17  appropriate.

**As to the Tenth Cause of Action**

19      61.    That the Court declare, adjudge and decree that Defendants' conduct of failing

20  to provide Plaintiffs and class members all overtime wages due to them, failing to include all

21  forms of remuneration in the "regular rate" of pay for purposes of paying overtime wages

22  and/or meal, rest, and recovery period premiums to Plaintiffs and class members, failing to

23  provide Plaintiffs and class members all minimum wages due to them, failing to provide

24  Plaintiffs and class members all meal periods, failing to authorize and permit Plaintiffs and

25  class members to take all rest periods, failing to provide Plaintiffs and class members recovery

26  periods, failing to provide Plaintiffs and class members accurate and complete wage

27  statements, failing to maintain accurate payroll records for Plaintiffs and class members,

28  failing to timely pay Plaintiffs and class members all earned wages during employment,

CLASS ACTION COMPLAINT

failing to properly calculate Plaintiffs' and class members' sick leave, failing to reimburse

Plaintiffs and class members for business-related expenses, failing to provide notice of

material terms of employment, and failing to provide safety devices and safeguards constitutes

an unlawful business practice in violation of California Business and Professions Code

sections 17200, *et seq.*;

62.     For restitution of unpaid wages to Plaintiffs and all class members and

prejudgment interest from the day such amounts were due and payable;

63.     For the appointment of a receiver to receive, manage, and distribute any and all

funds disgorged from Defendants and determined to have been wrongfully acquired by

Defendants as a result of violations of California Business & Professions Code sections

17200, *et seq.*;

64.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

California Code of Civil Procedure section 1021.5; and

65.     For such other and further relief as the Court may deem equitable and

appropriate.

### As to the Eleventh Cause of Action

66.     That the Court declare, adjudge and decree that Defendants' conduct of denying

Plaintiffs and class members the statutory benefits guaranteed under section 226.7 constitutes

an unfair business practice in violation of California Business and Professions Code sections

17200, *et seq.*;

67.     For restitution of the statutory benefits under section 226.7 unfairly withheld

from Plaintiffs and class members and prejudgment interest from the day such amounts were

due and payable;

68.     For the appointment of a receiver to receive, manage, and distribute any and all

funds disgorged from Defendants and determined to have been wrongfully acquired by

Defendants as a result of violations of California Business & Professions Code sections

17200, *et seq.*;

69.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

CLASS ACTION COMPLAINT

1  California Code of Civil Procedure section 1021.5;

2        70.     For pre-judgment and post-judgment interest as provided by law; and

3  For such other and further relief as the Court may deem equitable and appropriate.

5  Dated: January 23, 2023                 Respectfully submitted,

6                                          Capstone Law APC

8              By: _____

9                                            Orlando Villalba
                                             Helga Hakimi

10                                           Roxanna Tabatabaeepour

11                                           Attorneys for Plaintiffs Carlos Jimenez and Juan
                                             Pinzon

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Orlando Villalba (SBN 232165)<br>CAPSTONE LAW APC, 1875 Century Park East, Suite 1000, Los Angeles, CA 90067 | FILED<br>Superior Court Of California,<br>Sacramento<br>01/23/2023<br>vdeoxson<br>By_____, Deputy<br>Case Number:<br>34-2023-00335516 |
| TELEPHONE NO.: 310-556-4811   FAX NO. (Optional): 310-943-0396 | |
| E-MAIL ADDRESS: orlando.villalba@capstonelawyers.com | |
| ATTORNEY FOR (Name): Plaintiff's Carlos Jimenez and Juan Pinson | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street, Room 102
MAILING ADDRESS
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Sacramento Superior Court

CASE NAME:
Jimenez, et al. vs. Roofline, Inc. dba Roofline Supply & Delivery, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): Eleven (11)
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: January 23, 2023
Orlando Villalba
_____   ▶   _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition