# EXHIBIT B

MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL (State Bar No. 257163)
SAMUEL S. SADEGHI (State Bar No. 311785)
MAYRA NEGRETE (State Bar No. 333491)
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel:   +1.714.830.0600
Fax:   +1.714.830.0700
carrie.gonell@morganlewis.com
sam.sadeghi@morganlewis.com
mayra.negrete@morganlewis.com

Attorneys for Defendants
ROOFLINE, INC., SRS DISTRIBUTION INC., J.B.
WHOLESALE ROOFING AND BUILDING SUPPLIES,
INC., BUILDERS SUPPLY LOGISTICS, INC.

RECEIVED IN DROP BOX
2023 MAR -2 PH 3: 06
DOWNTOWN COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

BY FAX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| CARLOS JIMENEZ and JUAN PINZON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ROOFLINE, INC. dba ROOFLINE SUPPLY & DELIVERY, an Oregon corporation; SRS DISTRIBUTION INC., a Delaware corporation; J.B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC., a California Corporation; BUILDERS SUPPLY LOGISTICS, INC., a Delaware corporation; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No. 34-2023-00333516<br>Hon. Jill H. Talley<br>Dept. 27<br><br>**DEFENDANTS ROOFLINE, INC., SRS DISTRIBUTION INC., J.B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC., AND BUILDERS SUPPLY LOGISTICS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Complaint Filed: January 23, 2023 |

Defendants Roofline, Inc. ("Roofline"), SRS Distribution Inc. ("SRS"), J.B. Wholesale Roofing and Building Supplies, Inc. ("J.B."), and Builders Supply Logistics, Inc. ("BSL")[1] (together, "Defendants") by and through their undersigned counsel, hereby answer the allegations contained in the unverified Complaint ("Complaint") of Plaintiffs Carlos Jimenez and Juan Pinzon ("Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendants deny, generally and specifically, each and every allegation in the Complaint.  Defendants further deny, generally and specifically, that Plaintiffs or any other current or former employee whom Plaintiffs seek to represent are entitled to the natrelief requested, or that Plaintiffs have been or will be damaged in any sum, or at all, by reason of any alleged act or omission on the part of Defendants, or any of their past or present agents, representatives, or employees, acting in the course and scope of their employment.

## DEFENSES

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparations for trial.  The defenses stated below are based on Defendants' knowledge, information, and belief at this time. Defendants specifically reserve the right to modify, amend, or supplement any defense at any time.  Defendants also assert the following defenses, without admitting any obligations regarding who bears the burden of proof or persuasion as to any one of them and pray for judgment as set forth below:

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1. Plaintiffs are barred from recovery because the Complaint and each and every cause of action contained therein fails to state facts sufficient to constitute a cause of action upon

---

[1] The Complaint improperly names SRS Distribution Inc., J.B. Wholesale Roofing and Building Supplies, Inc., and Builders Supply Logistics, Inc. as Defendants but Plaintiffs were employed only by Roofline, Inc.  Defendants reserve any and all defenses thereto.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

1

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

which relief may be granted.

## SECOND DEFENSE

**(Statute of Limitations)**

2. Plaintiffs' claims are barred in whole or in part by any and all applicable statutes of limitations, including but not limited to, California Code of Civil Procedure Sections 338, 340 and 343, California Labor Code Section 203, and California Business and Professions Code Section 17208.

## THIRD DEFENSE

**(Misjoinder of Parties/Not the Employer)**

3. Plaintiffs' claims on behalf of himself and other putative class members are barred in whole or in part against named Defendants SRS, J.B., and BSL. because these entities at no time employed Plaintiffs.

## FOURTH DEFENSE

**(No Private Right of Action)**

4. Plaintiffs' Sixth Cause of Action pursuant to Labor Code § 1174(d) and Eighth Cause of Action for violation of Labor Code § 204 are barred because there is no private right of action.

## FIFTH DEFENSE

**(Regular Rate Calculation)**

5. To the extent Defendants did not include remuneration in the calculation of the regular rate of pay, such exclusion was proper and lawful pursuant to applicable California law. Defendants properly paid any overtime owed and sick leave at the correct rate of pay.

## SIXTH DEFENSE

**(Payments Properly Excluded from Regular Rate)**

6. Roofline properly excluded certain amounts from the regular rate pursuant to 29 U.S.C. § 207(e), its interpreting regulations, and applicable California law, for one or more of the following reasons: (a) The fact that any payment was to be made and the amount of the payment were determined at Roofline's sole discretion at or near the end of the period and not pursuant to

any prior contract, agreement, or promise; and/or (b) any amount paid was not measured by or dependent on hours worked, production or efficiency, or pursuant to any contract; and/or (c) another exemption to inclusion in the regular rate applies.

### SEVENTH DEFENSE

### (Waiver/Release)

7. The claims of Plaintiffs and/or putative class members, or some of them, are barred in whole or in part to the extent such claims have been waived, discharged, abandoned, and/or released.

### EIGHTH DEFENSE

### (Meal Period Waiver)

8. Roofline provided Plaintiffs and other putative class members the opportunity to take full, uninterrupted 30-minute, off-duty meal breaks that commenced by the end of the fifth hour of work. On occasion, at their election and not at the direction of Roofline, Plaintiffs and other putative class members did not take this opportunity and instead worked during all or a portion of their provided meal break. On other occasions, at their election and not at the direction of Roofline, Plaintiffs and other putative class members did not take the opportunity for a meal break by the end of the fifth hour, instead taking a 30-minute off-duty break later in the day.

### NINTH DEFENSE

### (Res Judicata/Collateral Estoppel)

9. The claims of Plaintiffs and/or any of the current and former employees sought to be represented are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### TENTH DEFENSE

### (Conflicts of Interest)

10. The interests of Plaintiff and/or some of the current and former employees sought to be represented are in conflict with the interests of other current and former employees sought to be represented.

///

## ELEVENTH DEFENSE

### (Good Faith Reliance)

11. The claims of Plaintiffs and/or putative class members are barred to the extent Roofilne acted in good faith reliance on an administrative regulation, order, ruling and/or interpretation of the Industrial Welfare Commission, the Division of Labor Standards Enforcement, and/or other governmental agency.

## TWELFTH DEFENSE

### (Good Faith Dispute)

12. Plaintiffs' claims for civil penalties for alleged violation of the Labor Code are precluded because there is a good faith dispute that any wages are due to Plaintiffs and/or others they seek to represent.

## THIRTEENTH DEFENSE

### (Not Willful)

13. Plaintiffs and/or some or all of the putative class members are barred from recovering penalties pursuant to, inter alia, California Labor Code Sections 203 and/or 226, because Roofline's defenses, if successful, will preclude any recovery on the part of Plaintiff and/or others he seeks to represent.

## FOURTEENTH DEFENSE

### (Avoidable Consequences)

14. The Complaint and each claim alleged are barred, or recovery reduced, because: (a) Roofline took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiffs and/or any of the current and former employees sought to be represented unreasonably failed to use the preventive and corrective measures that Roofline provided; and (c) reasonable use of Roofline's procedures would have prevented at least some of the harm that Plaintiffs and/or any of the current and former employees sought to be represented allegedly suffered.

///

///

**FIFTEENTH DEFENSE**

**(Failure to Mitigate)**

15. The Complaint and each claim alleged are barred, or recovery reduced, because Plaintiffs and/or any of the current and former employees sought to be represented failed to mitigate their damages and, to the extent of such failure, any damages awarded should be reduced accordingly.

**SIXTEENTH DEFENSE**

**(Estoppel)**

16. The claims of Plaintiffs and/or any of the putative class members are barred in whole or in part by the doctrine of estoppel.

**SEVENTEENTH DEFENSE**

**(De Minimis)**

17. The claims of Plaintiffs and/or any of the putative class members are barred in whole or in part by the *de minimis* doctrine.

**EIGHTEENTH DEFENSE**

**(Adequate Remedy at Law)**

18. The claims of Plaintiffs and/or any of the current and former employees sought to be represented for restitution and other equitable relief are barred because they have an adequate and complete remedy at law.

**NINETEENTH DEFENSE**

**(Not Entitled to Jury Trial)**

19. Plaintiffs and/or any of the current and former employees sought to be represented are not entitled to a trial by jury of one or more of Plaintiffs' claims, including any causes of action under the California Business and Professions Code Section 17200.

**TWENTIETH DEFENSE**

**(Setoff and Recoupment)**

20. If any damages have been sustained by Plaintiffs and/or any of the current and former employees sought to be represented, which is specifically denied, Defendants are entitled

under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiffs and/or any of the current and former employees sought to be represented owed to Defendants against any judgment that may be entered against Defendants.

### TWENTY-FIRST DEFENSE

### (Accord and Satisfaction)

21. The claims of Plaintiffs and/or any of the putative class membersare barred in whole or in part by the principles of accord, satisfaction, and payment.

### TWENTY-SECOND DEFENSE

### (Excessive Fines)

22. Although Defendants deny that they committed or have responsibility for any act that could support the recovery of penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of penalties against Defendants is unconstitutional under the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment of the United States Constitution and the excessive fines clause of § 17 of Article 1 of the California Constitution.

### TWENTY-THIRD DEFENSE

### (Lack of Injury or Damages)

23. The claims of Plaintiff and/or others he seeks to represent, or some of them, are barred in whole or in part because they have not suffered actual injury or damage as a result of any actions allegedly taken by Defendants.

### TWENTY-FOURTH DEFENSE

### (Unclean Hands)

24. The Complaint, and the claims alleged therein, are barred in whole or in part by the doctrine of unclean hands.

### TWENTY-FIFTH DEFENSE

### (Consent)

25. The Complaint, and the claims alleged therein, are barred to the extent Plaintiff and/or others he seeks to represent, or some of them, consented to any alleged activity or conduct.

## TWENTY-SIXTH DEFENSE

## (Penalties Unjust, Arbitrary, and Oppressive, or Confiscatory)

26. Plaintiffs and/or other putative class members are not entitled to recover any civil penalties, or penalties should be reduced, because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to assert additional defenses as discovery proceeds and they become aware of additional facts and circumstances that provide the basis for additional defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint;

2. That the Complaint herein be dismissed in its entirety with prejudice;

3. That judgment be entered against Plaintiffs and in favor of Defendants on all claims contained in the Complaint;

4. That Defendants be awarded reasonable costs and attorneys' fees incurred by this action pursuant to Labor Code section 218.5 and any other applicable laws; and

5. For such other and further relief as the Court deems just and proper.

Dated:  March 2, 2023         MORGAN, LEWIS & BOCKIUS LLP

By _____
Carrie A. Gonell
Samuel S. Sadeghi
Mayra Negrete
Attorneys for Defendants
ROOFLINE, INC., SRS DISTRIBUTION INC., J.B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC., and BUILDERS SUPPLY LOGISTICS, INC.

# PROOF OF SERVICE

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, CA 92626-7653.

On March 2, 2023, I served a copy of the within documents:

**DEFENDANTS ROOFLINE, INC., SRS DISTRIBUTION INC., J.B. WHOLESALE ROOFING AND BUILDING SUPPLIES, INC., AND BUILDERS SUPPLY LOGISTICS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

☒ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY EMAIL:** the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on March 2, 2023. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626. My e-mail address is juanita.robles@morganlewis.com.

| | |
|---|---|
| CAPSTONE LAW APC<br>Orlando Villalba, Esq.<br>Helga Hakimi, Esq.<br>Roxanna Tabatabaeepour, Esq.<br>1875 Century Park East, Ste 1000<br>Los Angeles, CA 90067<br>Telephone: (310) 556-4811<br>Fax: (310) 943-0396<br>orlando.villalba@capstonelawyers.com<br>helga.hakimi@capstonelawyers.com<br>Roxanna.taba@capstonelawyers.com | *Attorneys for Plaintiff* |

Executed on March 2, 2023, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Juanita Robles